Argued October 4, reversed November 29, 1977

STATE OF OREGON, *Respondent,*

*v.*

JAMES DENNIS SHIELDS, *Petitioner.*

(TC 76-05-06387 and 76-05-06388,
C/A 6671, SC 25437)

571 P2d 892

Richard Maizels, of Maizels & Marquoit, P.C., Portland, argued the cause and filed the briefs for petitioner.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

TONGUE, J.

## TONGUE, J.

This is a criminal case in which the state made a motion to consolidate for trial four charges against the defendant which admittedly arose from the same transaction or "criminal episode." That motion was made on the date assigned for the trial of two of the charges. It was resisted by defendant and was denied as "untimely." Defendant was then tried and found guilty of one of the two charges, the other being dismissed.

Defendant then moved to dismiss the remaining two charges "based upon double jeopardy." That motion was allowed. On appeal from that order by the state, the Court of Appeals reversed the trial court. 28 Or App 719, 560 P2d 690 (1977). We allowed defendant's petition for review to consider two questions:

1. Whether the motion by the state to consolidate the charges for trial was "timely," as held by the Court of Appeals;

2. Whether opposition by the defendant to that motion constituted a waiver of defendant's "double jeopardy" right to a single trial on all charges arising from the same transaction or "criminal episode," as also held by that court.

A criminal defendant who is charged with two or more offenses which arguably were committed as part of the same transaction or "criminal episode," has the following rights which may place the prosecutor (and sometimes the defendant) in a dilemma:

1. He may have the right to insist that all such charges be prosecuted in a single proceeding. ORS 131.515(2) provides:

> "No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

[ 473 ]

Although this right is provided by statute, it is of constitutional dimension as a protection against double jeopardy. *State v. Brown,* 262 Or 442, 458, 497 P2d 1191 (1972). It is enforced, in cases in which it applies, by an absolute bar to subsequent prosecutions. *State v. Boyd,* 271 Or 558, 566, 533 P2d 795 (1975).

■ 2. He has the right to object to the joinder of charges in a single indictment, or to the consolidation of separate indictments for trial, if the charges do not arise out of the same act or transaction. ORS 132.560(2) provides:

> "When there are several charges against any person or persons for the same act or transaction, instead of having several indictments, the whole may be joined in one indictment in several counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."[1]

In *State v. Fizgerald,* 267 Or 266, 272-73, 516 P2d 1280 (1973), this court said that although a two-count indictment is not demurrable for failure to comply with this section when it alleges that the two charges did arise out of the same transaction, the trial court should, on defendant's motion, require the state to elect upon which charge it wishes to proceed when it becomes apparent that the two offenses were not in fact part of the same transaction.[2]

■ 3. He may also have the right to have consolidated charges severed for trial, even though their consolidation met the test of ORS 132.560(2), if a consolidated trial would be unduly prejudicial to his defense. *See*

---

[1] In *State v. Boyd,* 271 Or 558, 567, 533 P2d 795 (1975), this court said that the "same act or transaction" in the statute was the same test as that employed for double jeopardy purposes.

[2] In that case it was held, however, that such an error was not prejudicial to the defendant under the facts of that case. *State v. Fitzgerald,* 267 Or 266, 273-74, 516 P2d 1280 (1973).

*State v. Fizgerald, supra,* at 274. *See also State v. Boyd, supra,* at 569-70.[3]

All of these rights may, however, be waived by the defendant.

As previously stated, the existence of these rights by the defendant in a criminal case may confront the prosecutor with a dilemma.[4] To relieve the prosecutor from the risks resulting from such a potential dilemma, this court in *State v. Boyd, supra* (at 568), approved the procedure proposed by the Court of Appeals in *State v. Bishop,* 16 Or App 310, 314, 518 P2d 177 (1974), as follows:

> "* * * [P]rosecutors * * * [should] obtain separate indictments and then make a timely pretrial motion to consolidate the charges for trial. Such a device would require a defendant to make an election as to whether he wants a single trial or separate trials. Such an election would usually either constitute a waiver of *Brown* [*State v. Brown,* 262 Or 442, 497 P2d 1197 (1972)] rights to a single trial, or waiver of *Fitzgerald* [*State v. Fitzgerald,*

---

[3] *See also e.g.,* American Bar Association Project on Minimum Standards for Criminal Justice, Joinder and Severance § 2.2(b) (1968):

"The court, on application of * * * the defendant * * * should grant a severance of offenses whenever:

"(i) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; * * *."

[4] In *State v. Boyd, supra* n.1, this dilemma was described as follows:

"Our clarification of the definition of the terms 'same act or transaction' and 'same criminal episode' does not remove all of the ambiguity and the difficulty of applying the unitary transaction test to various fact situations. It does allow a reasoned classification of the cases on the ends of the spectrum, either as unitary or as multiple transactions. However, as we move from the two ends toward the middle, the problem of classifying the factual situation becomes more difficult and at some point on the scale rationally definitive classification becomes impossible. If the prosecutor is burdened with making this choice, he runs the risk of forfeiting the opportunity to prosecute again if he improperly severs, or the risk of reversal on appeal if he improperly joins severable charges."

267 Or 266, 516 P2d 1280 (1973)] rights to separate trials."[5]

In this case, defendant faced four charges which are admittedly part of the same transaction or "criminal episode." The charges were instituted by three complaints filed in the district court on December 6, 1975. One complaint charged defendant with driving under the influence of intoxicating liquor, one with operating a motor vehicle with a blood alcohol content of .15 per cent or more, and one with assault in the third degree and resisting arrest.

Trial on the last two charges was set in district court for January 22, 1976, at 1:30 p.m. Some time that morning a deputy district attorney told defendant's counsel that he intended to move for consolidation of all four charges. Such a motion was then submitted to the court immediately prior to trial.

---

[5]This court in *State v. Boyd, supra* n.1, went on to state (at 568-69) as follows:

"The practical effect of the foregoing analysis may be summarized as follows. Hereafter, whenever the prosecutor becomes aware of multiple charges facing a single defendant, he must make an initial determination of whether the charges are unitary, that is whether they grew out of a single act or transaction. Unless the prosecutor is absolutely certain that presenting the facts underlying each charge will not necessitate reference to the facts underlying another, the prosecutor should move for joinder of the charges for trial. The defendant may oppose, acquiesce in, or join in this motion or, if the charges were initially brought together, move for severance. The defendant will thus be forced to make a choice as to joinder or severance which, in the vast majority of cases, should be accepted. Any objections the defendant might make to the prosecutor's choice would thereafter be waived. In the rare case in which the prosecutor would have an interest in opposing the defendant's choice of joinder or severance, the trial and appellate courts will determine whether the charges are unitary by reference to their factual interrelation in terms of the *Fitzgerald* [*State v. Fitzgerald,* 267 Or 266, 516 P2d 1280 (1973)] test. In making this determination, the emphasis of necessity will be on the accused's rights to be free from being required to answer more than once for the same act or transaction and to face a trier of fact unprejudiced by damning evidence of extraneous transactions. Because these two rights may appear to conflict before the evidence is actually adduced at trial, the accused's choice should normally be accepted unless clearly improper."

Defendant resisted that motion and it was denied solely on the ground that it was untimely. The trial on the assault and resisting arrest charges proceeded before a jury. The assault charge was dismissed and defendant was found guilty of resisting arrest.

On February 24, 1976, defendant moved to dismiss the two remaining charges on double jeopardy grounds. That motion was denied by the district court. Thereafter he was found guilty of both charges, based on stipulated facts, and appealed to the circuit court. There he again moved to dismiss those charges on grounds of double jeopardy. The circuit court allowed that motion in an order which included the following conclusions of law:

"1. The State's motion to consolidate was not timely filed in the District Court. The actions of the District Attorney in this matter did not afford the defendant any real choice in regard to whether to oppose the motion.

"2. In these circumstances, defendant's objection to the State's motion to consolidate did not constitute a waiver of his rights under *State v. Brown* * * * to raise the issue of former jeopardy at a later date.

"3. Former jeopardy applies and acts as a bar to prosecution of the defendant on both charges * * *."

The Court of Appeals reversed, holding that a motion for consolidation is timely if filed at any time prior to trial. It also held that by declining to consent to that motion defendant waived his right to subsequently seek the dismissal of the remaining charges for the following reasons:

"* * * We do not understand a defendant's right to be free from multiple prosecutions to also incorporate a right to preserve the conditions which would allow him to seek subsequent dismissal of charges based on the doctrine of *Brown* [*State v. Brown*, 262 Or 442, 497 P2d 1197 (1972)]. If defendant makes a tactical choice to oppose consolidation *whatever reason he may have,* expressed or undisclosed, he by the objection waives rights accrued under the doctrine of *Brown.* * * *." 28 Or App at 723 (Emphasis added)

[ 477 ]

Chief Judge Schwab, dissenting, would have held that a motion for consolidation, to be timely, must be filed at such time as will "allow the defendant to make an informed and calculated response." He also would have held that:

> "* * * A waiver of a right 'must amount to an intentional relinquishment or abandonment of a known right or privilege.' *Church v. Gladden,* 244 Or 308, 312-13, 417 P2d 993 (1966). It is not likely that a defendant confronted for the first time with a motion to consolidate filed on the eve of trial can make an informed and knowledgeable response that constitutes a waiver in this sense." 28 Or App at 724.

■ It is also our opinion, for the reason stated by Judge Schwab, that a motion to consolidate is not "timely" when not filed until the day set for trial on some, but not all, of the charges against a defendant. We need not in this case undertake to state a test to be applied in determining whether such a motion is "timely" if filed at some time prior to the date set for trial on some of such charges. Instead, we leave that question to be decided in a more appropriate case.

■ We also agree that opposition by a defendant to a motion to consolidate when made under such circumstances on the ground that such a motion is not timely does not constitute a waiver of defendant's right to subsequently move to dismiss the remaining charges on grounds of double jeopardy. The procedure suggested in *Bishop,* and approved in *Boyd,* which requires defendants to choose which rights they will waive and which they will assert, was not granted to defendants as a matter of grace. That procedure was suggested as a means by which prosecutors could force the choice upon the defendant in a way which avoids the necessity of the state proceeding at its peril.

If the defendant is to be forced to make the choice, he should be given the opportunity to make it after proper deliberation. If charges have been filed separately, and if no motion for consolidation has been

made within a reasonable time in advance of the trial date, defendant may justifiably assume that the prosecutor has assumed the risk of making the choice himself.

If the defendant resists the motion for consolidation on the ground that the charges do not arise out of the same act or transaction, or that a consolidated trial on both charges would be prejudicial to his defense, he will, of course, waive his right to object to separate prosecutions on double jeopardy grounds. There should, however, be no such waiver if defendant's sole objection to the motion is its untimeliness.

If the trial court denies a motion for consolidation on the ground that it is untimely, the state may then move for a continuance. The ruling on that motion would depend, at least in part, upon whether the state had a reasonable excuse for failing to move earlier for consolidation. If there is no such excuse, and the motion is denied, we do not believe it to be either unreasonable or otherwise improper to permit defendant to then exercise his double jeopardy defense so as to bar prosecution on the additional charges.

The other alternative would be to require the defendant to request a continuance when faced with an eleventh-hour motion for consolidation of charges. In our opinion, this would be unfair to the defendant when it is the state which is responsible for the delay and where, as in this case, the defendant is presumably ready to proceed to trial. The adoption of such a rule would also introduce the additional complication of a possible compromise of defendant's right to a speedy trial.

Such an alternative would also leave it open to the state to "play games" with defendants who have prepared for trial on the assumption that the prosecution has decided, for whatever reasons, not to seek consolidation of all charges. Although it is true that defendants may also "play games" in this area, in our

[ 479 ]

best judgment, improper tactics by defendants in opposing motions for consolidation can be prevented by approving of continuances upon motion by the state if good cause or reasonable excuse is shown.

We recognize that the opinion of this court in *State v. Hammang,* 271 Or 749, 534 P2d 501 (1975), includes language which suggests a contrary result. In that case we said (at 755-56):

> "The proscription laid down in *Brown [State v. Brown,* 262 Or 442, 497 P2d .1197 (1972)] was against the multiple *prosecution* of charges arising out of one transaction. It follows that even if it is assumed in the present case that the prosecutor had all the information he needed to prosecute defendant on the charge of murder, there was no requirement under the double jeopardy principle of *Brown* that he take any steps to consolidate the murder charge with the charge of theft. *It is only at the moment when the state begins its prosecution that the two charges, if part of one transaction, must be joined to avoid a subsequent double jeopardy defense.*
>
> "Assuming no unreasonable delay on its part, the state can decide when it wants to proceed with the prosecution of the various charges which constitute one transaction. If the state has all the information it needs to prosecute each of the charges arising out of one transaction, there still is no constitutional requirement that the state proceed forthwith to consolidate the charges and begin the prosecution. * * *." (Emphasis added)

When read in context, however, it appears that this language was not intended to indicate an approval of forcing a defendant to choose between going to trial unprepared on additional charges and waiving his right to be free from multiple prosecutions. In *Hammang* the court was faced with a case in which a defendant had previously waived indictment and pleaded guilty to a charge of theft at a time when a murder arising out of the same transaction was under investigation. He was later indicted for that murder and claimed that prosecution was barred by his guilty plea to the theft charge. The court held that he could

[ 480 ]

not create an immunity to the murder charge by a guilty plea to the theft charge.

■ The court's discussion of the state's freedom to pursue the prosecution of various charges at times of the prosecutor's own choosing must be read in light of the problem it was considering. The emphasized language in the above quotation was intended to indicate the time when, analytically, jeopardy attaches and to make it clear that only when the state begins the trial on one charge does it irrevocably give up the right to separately prosecute other charges arising out of the same transaction or "criminal episode." It was not suggesting or approving tardy motions for consolidation of charges, as in this case. To the extent, however, that the foregoing language in *Hammang* may be construed as requiring a result contrary to our decision in this case, that language is now disapproved, although we do not overrule the result reached by this court in *Hammang.*

■ The state can still avoid a double jeopardy defense by filing a motion to consolidate and by requesting a continuance if that motion was not "timely." If, however, the state's motion for continuance is denied the state must proceed to trial and jeopardy would then attach.

We also recognize that as a result of our decision in this case it will be difficult, if possible at all, for the state to obtain review of a denial of a motion for a continuance. ORS 138.060 does not permit appeal from the denial of a motion for continuance, regardless of the grounds.[6] The state can obtain review under ORS 138.060(1) of an order dismissing the "accusatory

---

[6] Appeals by the state in criminal cases are limited by ORS 138.060 to appeals from the following orders:

"(1) An order made prior to trial dismissing or setting aside the accusatory instrument;

"(2) An order arresting the judgment;

"(3) An order made prior to trial suppressing evidence; or

"(4) An order made prior to trial for the return or restoration of things seized."

[ 481 ]

instrument" on double jeopardy grounds. In such appeals the reviewing court looks, very closely if necessary, at what happened in the first case in order to determine whether the double jeopardy principle applies. It does not, however, review the first case for error. Thus, an erroneous denial of a motion in the first case for continuance, or for consolidation, could result in the later dismissal of other charges on double jeopardy grounds, with no opportunity for review of the crucial ruling. Prosecutors can avoid the problem by adopting adequate consolidation procedures so as to eliminate the need for last minute motions for continuance in such cases.

For all of these reasons, we hold that the Court of Appeals was in error in reversing the trial court for its holding that the motion to consolidate the charges against defendant was not timely and for its holding that defendant's objection to that motion did not constitute a waiver of his right to subsequently seek dismissal of the remaining charges on the ground of double jeopardy. Accordingly, the decision by the Court of Appeals is reversed and this case is remanded to it for further proceedings consistent with this opinion.