Argued April 3, affirmed June 26, 1979

STATE OF OREGON, *Petitioner,*

*v.*

BILL LEE GUYTON, JR., *Respondent.*

(TC  C 76-10-l5318, CA 9773, SC 25929)

596 P2d 569

Allison Smith, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General.

George W. K. Snyder, Jr., Portland, argued the cause and filed a brief for respondent.

LINDE, J.

## LINDE, J.

Defendant, a bus driver, was prosecuted on charges of reckless driving and driving while under the influence of drugs (DUID).[1] The district court, without a jury, found defendant guilty of reckless driving but acquitted him of the DUID charge. On appeal to the circuit court, and after a trial there and one reversal by the Court of Appeals, 30 Or App 643, 567 P2d 619 (1977), the reckless driving charge was tried anew before a jury. Before the trial, defendant moved to exclude evidence of defendant's possession of a partially smoked marijuana cigarette on the ground that his prior acquittal on the DUID charge foreclosed retrial of the issue whether he was affected by marijuana when he drove in the allegedly reckless manner. The court denied the motion, the evidence was admitted, and the jury found defendant guilty. On appeal, the Court of Appeals reversed without opinion, citing *Ashe v. Swenson,* 397 US 436, 90 S Ct 1189, 25 L Ed 2d 469 (1970) and *State v. Mozorosky,* 277 Or 493, 561 P2d 588 (1977). *State v. Guyton,* 36 Or App 641, 585 P2d 768 (1978). We allowed review on the state's petition asserting that the Court of Appeals had unduly expanded the reach of those precedents. We affirm.

■    Under *Ashe v. Swenson* and *State v. Mozorosky, supra,* cited by the Court of Appeals, it is one application of the constitutional guarantee against double jeopardy that the state is collaterally estopped from retrying an issue that was decided against the state in a former trial, even if the former trial was not on the identical charge. The state urges the distinction that here the Court of Appeals did not bar the second trial but rather the use of certain evidence. It is true that this is a different consequence of the earlier acquittal, but it is not erroneous.

[1] ORS 483.992(1) and (2) (repealed 1975). The crimes are now defined in ORS 487.540 and 487.550. ORS 483.992(1) provided:

"Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others is guilty of reckless driving * * *."

There were no grounds to bar the renewed prosecution on the reckless driving charge, which defendant himself had initiated by his appeal to the circuit court. What could no longer be an issue in that prosecution was whether defendant's driving perhaps was affected by his having recently smoked marijuana. His acquittal on the DUID charge determined that this was not the case. To be strictly accurate, then, the holding of the Court of Appeals excluding evidence of the partially smoked marijuana cigarette found in the bus is correct because after the determination of that issue for the defendant the evidence was no longer relevant to any issue in the reckless driving prosecution. At least that is so if the only relevance of the evidence lies in the inference that defendant had recently smoked marijuana and that this affected his driving.

■ This holding does not imply exclusion of evidence that may be relevant to two separate offenses on different theories, unless defendant can show that he was acquitted of the earlier charge because the evidence was not believed. The state in fact proposed such a different theory for keeping the evidence in the second trial when it contended below that even if the use of marijuana did not cause careless operation of the vehicle, "the trier of fact could find or reasonably infer that driving and using marijuana, exhibits the element in reckless driving of 'wilful or wanton' disregard of the rights or safety of others." We understand this contention to argue that the crime of reckless driving may be made out if one has smoked marijuana before driving, even if this has had no influence on one's driving and the driving itself does not otherwise display "wilful or wanton disregard of the rights or safety of others." Under such a view of the reckless driving statute, the evidence of possible marijuana use would indeed be relevant to that offense irrespective of a prior finding that defendant was not driving under its influence; but we do not so interpret ORS 483.992(1). Since we are offered no other theory on which the evidence was relevant, the

Court of Appeals correctly held that it should have been excluded.

Defendant also objected to the admission of testimony describing his appearance and demeanor at the time of the episode in question because, as evidence that the defendant had used marijuana, it too was foreclosed by the earlier acquittal. The state argues that evidence of defendant's condition and demeanor can be relevant to whether defendant was reckless to operate the bus in an incapacitated condition apart from any use of drugs. Since the case has been remanded, it will be up to the trial court, in the event of a retrial, to rule on the relevance of such testimony as may be offered on some theory other than that the defendant was under the influence of drugs.

Affirmed.