## STATE OF OREGON,
*Respondent,*

*v.*

## ARTHUR RAY SCOVELL,
*Appellant.*

(No. C 80-01-30123, CA 17645, and
No. C 80-02-30659, CA 17646)
(cases consolidated)

635 P2d 7

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denny, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals his jury convictions in two separate trials for burglary in the second degree, ORS 164.215, kidnapping in the second degree, ORS 163.225, and two robberies in the first degree, ORS 164.415.[1] He makes two assignments of error: (1) denial of his motion to dismiss the charge of robbery in the first degree at the commencement of the second trial; and (2) failure to merge the defendant's conviction of second degree kidnapping with the first degree robbery conviction of the first trial.

Defendant was charged by information on January 11, 1980, with four separate crimes: burglary in the first degree, kidnapping in the second degree, robbery in the first degree and burglary in the second degree. Trial on these charges was set for February 29, 1980. On February 22, 1980, he was charged by indictment with additional charges of robbery in the first degree, unauthorized use of a vehicle, criminal conspiracy to commit robbery in the first degree, and criminal conspiracy to commit burglary in the first degree. On February 25, at the time of defendant's arraignment on the charges contained in the indictment, the state moved to consolidate the trials on all charges in both the information and the indictment. Defendant resisted, arguing that the motion was untimely. The trial

---

[1] ORS 164.215(1) provides:

"A person commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with intent to commit a crime therein."

ORS 163.225(1) provides:

"A person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and without consent or legal authority, he:

"(a) Takes the person from one place to another; or

"(b) Secretly confines the person in a place where he is not likely to be found."

ORS 164.415(1) provides:

"A person commits the crime of robbery in the first degree if he violates ORS 164.395 and he:

"(a) Is armed with a deadly weapon; or

"(b) Uses or attempts to use a dangerous weapon; or

"(c) Causes or attempts to cause serious physical injury to any person."

court denied the state's motion. The state did not move for a continuance. Trial on the charges in the information commenced on March 4, 1980, and on March 5, the jury returned verdicts of not guilty on the charge of burglary in the first degree and guilty on the charges of burglary in the second degree, kidnapping in the second degree and robbery in the first degree. On March 12, 1980, on the state's motion, the court dismissed the indictment charges of unauthorized use of a vehicle and the two charges of criminal conspiracy to commit robbery in the first degree; defendant moved to dismiss the indictment charge of robbery in the first degree on the ground of double jeopardy. The motion was denied. The jury found him guilty on March 13.

All of the charges arose out of an episode which occurred on January 4, 1980. About 1:00 a.m. on that day defendant and two accomplices drove to the home of Timothy Goldhammer in southeast Portland. Defendant knew Goldhammer. The accomplices, armed with guns, knocked on Goldhammer's door and asked to use his phone, saying that their car had broken down. Defendant stayed in the car. When allowed to enter the home, the accomplices drew their guns and handcuffed Goldhammer. While one of them restrained Goldhammer, the other ransacked the house, placing items, including clothing, jewelry and money, in a spare bedroom. The two of them then took Goldhammer out to his van and drove him about a mile to the grocery store which he managed. They forced him to open the safe, from which they took several hundred dollars. At about 2:30 a.m., they returned to Goldhammer's home and removed the goods from the spare bedroom. They then joined defendant in the car where he had waited during the entire incident.

On appeal, defendant renews his contention that the robbery charge in the indictment should have been dismissed because of double jeopardy. We agree.

■ ■   A defendant has the right to have all of the charges committed as part of the same transaction or "criminal episode" prosecuted in a single proceeding, ORS 131.515(2).[2] The right is enforced, unless it is waived by the

---

[2] ORS 131.515(2) provides:

defendant, by barring serial prosecution of the charges. *State v. Shields,* 280 Or 471, 571 P2d 892 (1977). A defendant waives his double jeopardy claim as to separate charges arising out of a single act or transaction if he objects to a timely motion by the state for consolidation of the charges at a single trial and thereby requires that they be tried separately. *State v. Boyd,* 271 Or 558, 533 P2d 795 (1975). Under certain circumstances, however, a defendant does not waive his right to claim double jeopardy, even though he *did* object to consolidation for trial of charges arising out of the same act or transaction.

In *Shields* the Supreme Court stated:

> "[O]pposition by a defendant to a motion to consolidate when * * * such a motion is not timely does not constitute a waiver of defendant's right to subsequently move to dismiss the remaining charges on grounds of double jeopardy. The procedure suggested in [*State v.*] *Bishop,* [16 Or App 310, 518 P2d 177 (1974),] and approved in *Boyd,* which requires defendants to choose which rights they will waive and which they will assert, was not granted to defendants as a matter of grace. * * *

> "If the defendant is to be forced to make the choice, he should be given the opportunity to make it after proper deliberation. If charges have been filed separately, and if no motion for consolidation has been made within a reasonable time in advance of the trial date, defendant may justifiably assume that the prosecutor has assumed the risk of making the choice himself.

> "If the defendant resists the motion for consolidation on the ground that the charges do not arise out of the same act or transaction, or that a consolidated trial on both charges would be prejudicial to his defense, he will, of course, waive his right to object to separate prosecutions on double jeopardy grounds. There should, however, be no such waiver if defendant's sole objection to the motion is its untimeliness.

> "If the trial court denies a motion for consolidation on the ground that it is untimely, the state may then move for

---

"No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

a continuance. The ruling on that motion would depend, at least in part, upon whether the state had a reasonable excuse for failing to move earlier for consolidation. If there is no such excuse, and the motion is denied, we do not believe it to be either unreasonable or otherwise improper to permit defendant to then exercise his double jeopardy defense so as to bar prosecution on the additional charges.

"The other alternative would be to require the defendant to request a continuance when faced with an eleventh-hour motion for consolidation of charges. In our opinion, this would be unfair to the defendant when it is the state which is responsible for the delay and where, as in this case, the defendant is presumably ready to proceed to trial. The adoption of such a rule would also introduce the additional complication of a possible compromise of defendant's right to a speedy trial." 280 Or at 478-479.

■ In this case the state's motion for consolidation, made only four days before the date set for trial, was not timely; and, after it was denied, the state failed to move for a continuance. Defendant's objection to consolidation was not a waiver of his right to have all charges, including those later dismissed on the state's motion, prosecuted in a single trial. We hold that the subsequent trial on the robbery charge, arising as it did out of the same transaction which was the basis for defendant's earlier trial and convictions, constituted statutory double jeopardy. ORS 131.515(2). The conviction obtained in the later trial must be set aside and the charge dismissed.

We turn now to defendant's remaining contention that his conviction for kidnapping should be merged with his robbery conviction. Defendant argues that the kidnapping was incidental to the robbery of grocery store. His argument is not well taken.

■ ■ In *State v. Dinkel,* 49 Or App 917, 621 P2d 626 (1980), the defendant and his accomplice broke into a store manager's home, gagged the manager's family, transported the manager to the store and caused him to deliver the store's funds to them. We held in that case that the kidnapping and robbery charges did not merge as the kidnappings were not incidental to the robbery. 49 Or App at 929. *Dinkel* and the case at hand cannot be meaningfully distinguished. We hold, therefore, that the trial court did not err in

entering separate convictions and sentences on the kidnapping and the robbery.

Case number C-80-02-30659 is reversed and remanded; the conviction is to be set aside and the charge dismissed; case number C-80-01-30123 is affirmed.