Argued and submitted June 8, affirmed September 7, 1983

STATE OF OREGON,
*Petitioner on Review,*

*v.*

RANDY RAY WOLFE,
*Respondent on Review.*

(TC C81-02-31165, CA A22248)

STATE OF OREGON,
*Petitioner on Review,*

*v.*

RANDY RAY WOLFE,
*Respondent on Review.*

(TC C81-02-31261, CA A22389)
(SC 29369)

669 P2d 320

Thomas H. Denney, Assistant Attorney General argued the cause and filed the brief for the petitioner on review. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause and filed the brief for the respondent on review. With him on the brief was Gary D. Babcock, Public Defender.

CAMPBELL, J.

## CAMPBELL, J.

These two cases were consolidated for the first time on the petition for review. Defendant was convicted of rape and kidnapping in one case and robbery and kidnapping in the other case. He appealed, contending that because he answered questions before the police officer gave him the necessary *Miranda* [1] warnings, the evidence found as a result of the consent he gave to search following this questioning should be suppressed because the consent was not voluntary. We agree.

On February 16, 1981, a woman reported a rape and kidnapping to the police. She described her assailant and his car in some detail. The next morning, the officer who took the report saw a car similar to that described by the rape victim. He noted the license number and obtained the defendant's name and address. Later that day the officer prepared a photographic display and the victim picked defendant's picture. On that same day another woman reported that a man had grabbed her, threatened her with a gun and forced her to accompany him some distance. After a struggle, the man ran off with her purse. She was shown the same photographic display, but failed to identify the defendant at that time. On the basis of the identification by the rape victim, the officer obtained an arrest warrant for rape naming the defendant. That afternoon, in the company of two other officers, he drove to defendant's house to execute the warrant.

When he got to defendant's house, he identified himself as a police officer and entered the house. At defendant's trial for robbery and kidnapping, the officer testified as follows:

"A.   I asked Randy — Mr. Wolfe — if he had been with a girl on the night of February 15. And Randy told me he had by answering 'yes.' That's a direct quote.

"I asked if he had had sexual intercourse with this girl at that time and he said 'yes.'

"And I asked if he knew who the girl was and he said he thought her name was Kerry or something [the victim's name].

---

[1] *Miranda v. Arizona*, 384 US 436, 86 S Ct 1602, 16 LEd 2d 694 (1966).

"At approximately 1723 hours, I told Randy this girl had made the allegation that he had raped her forcibly and taken her from the street by gunpoint. And, at that time, I read him his *Miranda* rights via the card I carry in my pocket."

Immediately after these statements and the subsequent *Miranda* warning, the officer asked defendant to consent to a search of his car and his bedroom. The officer read the consent form, and defendant signed it.[2] Defendant then volunteered that the police would find a cap gun in his car. Following the *Miranda* warnings, defendant made further statements that he contends should be suppressed. The officers found a gun in the car (either a cap gun or a starter's pistol; the record is not clear on this point) and also seized some clothing from defendant's bedroom. The admissibility of these objects following defendant's consent to a search is the primary question presented in these cases.

Defendant was charged with rape and kidnapping in connection with the first victim, and robbery and kidnapping in connection with the second victim. There were two trials.

Defendant was tried first on the robbery and kidnapping charges. He moved to suppress the pre-*Miranda* statements, the physical evidence found in the search, and the

---

[2]

"CONSENT TO SEARCH

2-17-81
(Date)

2295 S.W. 19th ST.
(Location) GRESHAM

"I, *RANDY WOLFE*, having been informed of my constitutional right not to have a search made of the premises hereinafter mentioned without a search warrant and of my right to refuse to consent to such a search, hereby authorize

*** .

"(titles of officers or agents)
*DEPUTIES FOR MULTNOMAH COUNTY DEPT OF PUBLIC SAFETY* to conduct a complete search of my premises located at *2295 SW 19th AVE TO INCLUDE MY AUTO '67' FORD MUSTANG LICENSE #DCA449 ORE*. These (officers or agents) are authorized by me to take from my premises any letters, papers, materials or other property which they may desire.

"This written permission is being given by me to the above-named person voluntarily and without threats or promises of any kind.

"(Signed) /s/ Randy Wolfe -2-17-81
17:18

post-*Miranda* statements contending his rights under both the federal and state constitutions were violated. The trial judge suppressed the pre-*Miranda* statements, but found the consent was voluntarily given and refused to suppress the physical evidence. He did not address the question of the post-*Miranda* statements. The jury found defendant guilty of both charges.

At his pre-trial suppression hearing on the rape and kidnapping charges, defendant again moved to suppress the pre-*Miranda* statements, the post-*Miranda* statements and the physical evidence on the same bases. The state conceded the suppression of the pre-*Miranda* statements. This trial judge suppressed both the pre-and post-*Miranda* statements, but again found that the consent was valid and allowed the physical evidence to be admitted into evidence.

Defendant appealed both convictions. The Court of Appeals affirmed his initial conviction without opinion. *State v. Wolfe,* 56 Or App 396, 643 P2d 424 (1982). When it considered his conviction resulting from the rape and kidnapping charges, it reversed and remanded for trial, holding that defendant's consent was tainted as a result of the illegal pre-*Miranda* questioning, and ordered the evidence suppressed. *State v. Wolfe,* 61 Or App 409, 657 P2d 227 (1983). It then reconsidered its decision in defendant's first case, and reversed and remanded that conviction per curiam. *State v. Wolfe,* 61 Or App 429, 657 P2d 230 (1983). The two cases were consolidated, and this court allowed the state's petition for review.

■ The state conceded in both trials that *Miranda* warnings should have been given when the officer first spoke to defendant, even though the officer testified that he might have decided to seek further advice before executing the arrest warrant. Accepting the concession that the officer should have given the warning before questioning defendant, the statements made before the warning were properly suppressed as fruit of the Fifth Amendment violation. The principal question presented by these cases is whether defendant's consent to the search was valid following this violation of his *Miranda* rights.

■■ Both trial courts found from historical facts that defendant consented to the search knowingly and voluntarily. While we are bound by the finding of historical facts, *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968), we must determine

whether these historical facts are sufficient to satisfy constitutional standards. *State v. Warner,* 284 Or 147, 158, 585 P2d 681 (1978). The state has the burden of proving the consent was valid.[3] The proper test for voluntariness is to examine the totality of the facts and circumstances to see whether the consent was given by defendant's free will or was the result of coercion, express or implied. *Schneckloth v. Bustamonte,* 412 US 218, 226-227, 93 S Ct 2041, 36 LEd 2d 854 (1973); *State v. Kennedy,* 290 Or 493, 502, 624 P2d 99 (1981).

■ *Brown v. Illinois,* 422 US 590, 603-604, 95 S Ct 2254, 45 LEd 2d 416 (1975), examining whether a confession following an illegal arrest must be excluded, states that the temporal proximity of the illegal action by the police and the subsequent evidence, the presence of intervening circumstances, and the purpose and flagrancy of the official misconduct are all relevant factors in determining the admissibility of evidence that defendant seeks to suppress. Although *Brown* examines the exploitation of an illegality, we find that these factors are also applicable in the present case to determine voluntariness.

In the instant case, the questioning by the police and the admissions by the defendant immediately preceded the request for the consent to search. As one officer testified, "It was all one conversation." There was no break in either time or place.

■ The state argues that the *Miranda* warnings and the explanation of the written consent to search form were sufficient intervening factors to render defendant's consent to search voluntary. While these are both proper factors to consider,[4] no single fact should be considered dispositive. *Taylor v. Alabama,* 457 US 687, 102 S Ct 2664, 73 LEd 2d 314 (1982). The state also argues that the fact defendant was in his own home, and in

---

[3] ORS 133.693(4):

"Where the motion to suppress challenges evidence seized as the result of a warrantless search, the burden of proving by a preponderance of the evidence the validity of the search is on the prosecution."

[4] This court in *State v. Flores,* 280 Or 273, 570 P2d 965 (1977), a 4-3 decision, held that a *Miranda* type warning was not required to advise a suspect that he had a right to refuse consent to a search. The dissent pointed out that *Miranda* warnings are concerned with fifth amendment rights and not fourth amendment rights.

In this case the defendant has not contended that the police were required to give him *Miranda* warnings prior to his execution of the written consent to search.

the presence of his mother, should be considered. These factors are balanced against the fact that defendant was not free to leave. The state presents no other intervening factors that we should consider.

■■ We find the police misconduct in this instance to be flagrant. The officer properly had obtained an arrest warrant, and he would have been derelict in his duty had he failed to arrest defendant. *Miranda* was decided 17 years ago. The rules and requirements of these warnings must be known to every police officer. Surely this officer, who testified that he has had 14 years of experience in law enforcement work, deliberately and purposefully tried to elicit incriminating answers from defendant by questioning him before advising him of his constitutional rights. The request for consent immediately followed this questioning. If, in the present situation, defendant felt he had incriminated himself by answering the preliminary questions, nothing occurred to change that attitude. The defendant had no opportunity to reflect on his best course of action after the police had obtained the *Miranda-* violative statements. We find that the state failed to prove that the consent obtained from defendant was voluntary based on the totality of the circumstances and the physical evidence obtained from that search must be suppressed. We also hold that his post- *Miranda* statements must be suppressed.

The Court of Appeals is affirmed.