Argued and submitted May 3, decision of the Court of Appeals affirmed in part and
reversed in part; judgment of the district court affirmed July 29, 1993

# STATE OF OREGON,
*Petitioner on Review/*
*Respondent on Review,*

*v.*

# JAMES LELAND PARKER,
*Respondent on Review/*
*Petitioner on Review.*

(DC P046278; CA A64548; SC S39648, S39925)

855 P2d 636

Harrison Latto, Assistant Attorney General, Salem, argued the cause for petitioner on review/respondent on review, State of Oregon. With him on the petition were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, Salem. With him on the response to the petition were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

John Henry Hingson, III, Oregon City, argued the cause and filed the petition for respondent on review/petitioner on review, James Leland Parker.

GILLETTE, J.

## GILLETTE, J.

In this criminal case, defendant was charged in separate citations with driving under the influence of intoxicants (DUII), ORS 813.010,[1] and with failure to perform the duties of a driver when property is damaged (hit and run), ORS 811.700.[2] The trial court denied defendant's motion to suppress evidence and his motion for a continuance, but granted the state's motion to consolidate the two charges for trial. On appeal from defendant's conviction of both offenses, the Court of Appeals held that the trial court did not err in denying defendant's motions. *State v. Parker*, 113 Or App 513, 516-19, 835 P2d 918 (1992). However, the Court of Appeals reversed the hit and run conviction and remanded for a new trial on that charge, holding that the trial court erred in granting the state's "untimely" motion for consolidation. *Id.* at 521-22. We allowed both parties' petitions for review and now reinstate the judgment of the trial court in its entirety.

At about 11:00 p.m. on March 15, 1989, defendant drove a pickup into the rear end of a parked, unoccupied semi-truck and trailer. Defendant declined the aid of a passerby and left the scene on foot. The police searched for defendant

---

[1] ORS 813.010 provides in part:

"(1) A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"(a) Has .08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood of the person made under ORS 813.100, 813.140 or 813.150;

"(b) Is under the influence of intoxicating liquor or a controlled substance; or

"(c) Is under the influence of intoxicating liquor and a controlled substance."

[2] ORS 811.700 provides in part:

"(1) A person commits the offense of failure to perform the duties of a driver when property is damaged if the person is the driver of any vehicle and the person does not perform duties required under any of the following:

"* * * * *

"(b) If the person is the driver of any vehicle that collides with any vehicle that is unattended, the person shall immediately stop and:

"(A) Locate and notify the operator or owner of the vehicle of the name and address of the driver and owner of the vehicle striking the unattended vehicle; or

"(B) Leave in a conspicuous place in the vehicle struck a written notice giving the name and address of the driver and of the owner of the vehicle doing the striking and a statement of the circumstances thereof."

for four hours and eventually learned that his son had taken defendant to his place of business.

The police went to defendant's place of business, which was inside a fenced business complex. The gate to the complex was secured by a padlock and chain. Defendant's business partner, Lines, arrived at about 3:00 a.m., but he did not have his key to the padlock with him. Lines initially told the police that he was there to work on equipment, but later admitted that defendant was inside and that he had given his key to defendant earlier that night. Lines allowed the police to cut a link in the chain with bolt cutters so that they could enter the complex. Once inside the complex, Lines allowed the police to use his key to enter the office building. The police found defendant inside and eventually arrested him for DUII and hit and run.

Before trial, defendant moved to suppress evidence obtained as a result of the warrantless entries of the business complex and the office building. The trial court denied the motion, finding that Lines had consented to the entries and holding that Lines' consent was not coerced.

After five continuances, three at defendant's request, both charges were scheduled for trial on April 3, 1990. Less than two weeks before that date, the state notified defendant that it intended to call a particular expert witness. Defendant moved for another continuance on the ground that he, too, wished to call an expert witness, but that his witness was unavailable to testify on the scheduled trial date. The presiding judge denied the motion. Defendant renewed the motion before the trial judge, but she denied it as well, at least in part because the presiding judge had denied it already. The trial judge did, however, allow defendant to present the testimony of another expert by telephone.

On the day scheduled for trial of the two charges, defense counsel asked which of the charges the state desired to try first, because the state had not made a motion to consolidate the charges for trial. The prosecutor then moved for consolidation. Defendant opposed the motion on the sole ground that it was untimely, citing *State v. Shields*, 280 Or

471, 571 P2d 892 (1977).[3] The trial court granted the motion to consolidate, and defendant was convicted of both offenses following a jury trial.

Defendant appealed. He assigned several errors, only three of which are relevant here. First, defendant argued that the trial court erred in denying his motion to suppress evidence obtained as a result of the warrantless entries of the business complex and the office building. The Court of Appeals disagreed. *State v. Parker, supra,* 113 Or App at 517. Second, defendant argued that the trial court abused its discretion in denying his motion to continue the trial so that he could call an expert witness to testify. The Court of Appeals rejected that argument as well. *Id.* at 519. Finally, defendant argued that the trial court erred in granting the state's motion to consolidate the charges for trial. The Court of Appeals agreed with that argument, reversed the hit and run conviction, and remanded for a new trial on that charge. *Id.* at 521-22. We consider those issues in the order listed.

## MOTION TO SUPPRESS

Defendant moved to suppress evidence, arguing that Lines did not voluntarily consent to the entries by the police into the business complex and the office building. The trial court found that Lines consented to both entries. The trial court also ruled, as a matter of law, that none of the circumstances surrounding the entries rose to the level of coercion. Defendant claims that the trial court erred.

Defendant complains first that the trial court "failed to perform its function of making findings of historical fact as required by *State v. Wise,* 305 Or 78, 81, 749 P2d 1179 (1988)."[4] We disagree. In this case, the trial court expressly

---

[3] Limiting the grounds for objection was a tactical choice. Under *State v. Shields, supra,* if a defendant's sole objection to the state's motion to consolidate is the motion's untimeliness, the defendant does not waive his right to object later to separate prosecutions on double jeopardy grounds, should the trial court refuse to consolidate the charges.

[4] In *State v. Wise,* 305 Or 78, 81, 749 P2d 1179 (1988), this court stated:

"It is the task of the trial judge to make findings of historical fact. This means nothing more or less than that the trial judge must evaluate the evidence, resolve conflicts therein, find what happened and set forth (preferably in writing) what the judge finds."

made nine findings of historical fact in a memorandum opinion on the motion to suppress. Although those findings may not be as detailed as defendant (or an appellate court) might desire, they are, nonetheless, sufficient to permit informed appellate review. As this court stated in *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968):

> "What actually transpired is a question of fact for the trial court or jury. If the evidence sustains such historical factual findings they will not be disturbed by this court. *If findings are not made on all such facts, and there is evidence from which such facts could be decided more than one way, we will presume that the facts were decided in a manner consistent with the ultimate conclusion, e.g., voluntariness or lack thereof, made by the trial court or jury.*"

(Emphasis supplied.) Thus, where a trial court makes findings of some, but not all, of the pertinent facts, this court will presume that, where there was evidence from which the facts could be decided more than one way, the trial court decided the facts not contained in the findings in a manner consistent with that court's legal conclusions.

Here, the trial court concluded that Lines' consent was voluntary.[5] Therefore, to the extent that the trial court failed to make specific findings of fact as to what actually happened, and to the extent that the evidence of what actually happened is conflicting, we will presume that the court resolved the disputed questions of fact in a manner consistent with its legal conclusion of voluntariness.

In reviewing the voluntariness of a person's consent to a search, however, "[w]e are not bound by the trial court's ultimate holding as to voluntariness * * *; we assess anew whether the facts suffice to meet constitutional standards." *State v. Stevens*, 311 Or 119, 135, 806 P2d 92 (1991). The proper test for voluntariness is whether, under the totality of the circumstances, the consent was given by an act of free will or was the result of coercion, express or implied. *State v. Dimeo*, 304 Or 469, 474, 747 P2d 353 (1987); *State v. Wolfe*, 295 Or 567, 572, 669 P2d 320 (1983). Further, the state bears

---

[5] Two other issues sometimes involved in consent searches — authority to consent and scope of the resulting search — are not involved in this case. *See, e.g., State v. Carsey*, 295 Or 32, 664 P2d 1085 (1983) (authority); *State v. Allen*, 112 Or App 70, 826 P2d 127 (scope), *rev den* 314 Or 176, 836 P2d 1345 (1992).

the burden of proving voluntariness by a preponderance of the evidence. *State v. Paulson*, 313 Or 346, 351-52, 833 P2d 1278 (1992).

■    Review of the testimony of the witnesses would not benefit bench or bar. Suffice it to say that there was ample testimony that, if believed, supported the trial judge's findings that Lines voluntarily consented both to the cutting of the chain outside the complex and, later, to police entry into the building by means of a key that Lines gave to the officers. The state met its burden of proving voluntariness of both consents by a preponderance of the evidence. Therefore, the trial court was correct in denying defendant's motion to suppress, and the Court of Appeals correctly affirmed that ruling.

## MOTION FOR CONTINUANCE

Less than two weeks before the scheduled trial date, the state notified defendant that it intended to call an expert witness to testify regarding the dissipation rate of alcohol from the body over time.[6] In response, defendant decided that he wanted to call his own expert witness to testify regarding the effect of acetone on a breath test for alcohol.[7] However, defendant's desired expert was unavailable on the scheduled trial date. Consequently, defendant moved for a continuance. The trial court denied the motion, but allowed defendant to present the testimony of another expert on the same subject by telephone. Defendant contends that the court's ruling was in error.

"A motion for continuance is addressed to the sound discretion of the trial court and its ruling thereon will be disturbed upon appeal only for an abuse of that discretion." *State v. Wolfer*, 241 Or 15, 17, 403 P2d 715 (1965). In arguing that the trial court abused its discretion, defendant does not, and indeed cannot, contend that the denial of a continuance

---

[6] Defendant took a breath test more than five hours after he crashed the pickup. The result showed a blood alcohol level of .07 percent. The state's expert testified that defendant's blood alcohol level would have been between .11 and .14 percent at the time of the accident.

[7] A defense witness testified that he and defendant had been working with acetone before the accident. Defendant's expert testified that acetone can be absorbed by the body and is measured by an intoxilyzer as if it were alcohol.

cost him the expert testimony that he desired.[8] He contends, rather, that the denial of a continuance cost him demeanor evidence, because his witness was able to testify by telephone only.

■ Even though defendant was not able to present the demeanor of his expert to the jury, we do not believe that the trial court abused its discretion in denying defendant's motion for a continuance. Defendant already had obtained three continuances and had more than sufficient time to arrange for expert testimony. Defendant, however, chose not to arrange for an expert to testify until the state said that it would offer expert testimony, even though the testimony of the defense's chosen expert was not directly related to that of the state's expert.[9] Defendant made a tactical choice that resulted in a last-minute decision. Under these circumstances, we cannot say that the loss of demeanor evidence made the trial court's denial of a continuance an abuse of that court's discretion.

## MOTION TO CONSOLIDATE

The state moved to consolidate the DUII charge and the hit and run charge on the day that both charges were scheduled for trial. Defendant opposed the state's motion on the sole ground that the motion was "untimely" under *State v. Shields, supra.* In *Shields*, this court held that "a motion to consolidate is not 'timely' when not filed until the day set for trial on some, but not all, of the charges against a defendant." 280 Or at 478. The trial court granted the motion to consolidate, and defendant assigned that ruling as error.

---

[8] In the Court of Appeals, defendant suggested that the denial of a continuance was in error, because it "forced [him] to call an expert other than of his choosing." The expert that testified for the defense may not have been defendant's *first* choice; nonetheless, he *was* chosen by the defense. In any event, defendant does not pursue that argument before this court.

[9] Defendant has suggested that, until the state decided to call an expert on the dissipation of alcohol from the body, he was not put on notice of the need to defend against proof of the DUII charge by blood alcohol content and, therefore, that his expert was not necessary until then. The state, however, did not need to call an expert on the dissipation of alcohol. *See, e.g., Callahan v. Sellers,* 106 Or App 298, 303, 806 P2d 1176 (1990) ("It is common knowledge that the level of alcohol in the blood and alcohol's effect on a person's behavior dissipate over time."), *rev den* 311 Or 349, 811 P2d 144 (1991). Defendant took the risk of not preparing to defend himself against a particular theory.

In the Court of Appeals, the state conceded that its motion to consolidate was untimely under *Shields*. The state argued, however, that, "where the state's motion to consolidate is granted, the defendant must show that he was prejudiced by a consolidated trial in order to obtain a reversal." The Court of Appeals rejected that argument, stating:

> "*Shields* does not require a defendant to show prejudice from consolidation other than the untimeliness of the motion itself. When the prosecution offers no reasonable excuse for failing to move for consolidation earlier, a defendant should not be forced to go to trial unprepared on additional charges."

*State v. Parker, supra*, 113 Or App at 521.

Before this court, the state regrets its concession as to the untimeliness of the motion to consolidate. The state argues that *Shields* does not apply, because "both cases at issue here were set for trial on the same day." According to the state, *Shields* applies only where some, *but not all*, of the charges against a defendant are set for trial on the same day.

We need not decide, however, whether the state's motion to consolidate was untimely under *Shields*, as defendant has argued, or under some other standard. Assuming *arguendo* that the motion was untimely and that the trial court erred in granting the motion, we are convinced that any error in that regard was harmless and, therefore, cannot support a reversal of defendant's conviction for hit and run.

■ The "harmless error" rule that we apply to this case is of constitutional dimension. Article VII (Amended), section 3, of the Oregon Constitution, provides in part: "If the supreme court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial[.]" That constitutional mandate for "affirmance despite error" has given rise to a harmless error rule that requires this court to affirm a defendant's conviction in a criminal case, even though the trial court committed error, whenever there is (1) substantial and convincing evidence of guilt and (2) little, if any, likelihood that the error affected the verdict. *See, e.g., State v.*

*Walton*, 311 Or 223, 230-31, 809 P2d 81 (1991) (stating the test for harmless error under the Oregon Constitution).[10]

■      In this case, with regard to the first part of the harmless error test, we conclude that there is substantial and convincing evidence of defendant's guilt of both the DUII charge and the hit and run charge. With regard to the second part of the test, we note first that an error in consolidating charges for trial is not presumptively prejudicial to the defendant. *See, e.g., State v. Fitzgerald*, 267 Or 266, 516 P2d 1280 (1973) (finding no prejudice resulting from misjoinder). Second, defendant does not argue to this court, and indeed never has argued, that the trial court's alleged error in consolidating the two charges prejudiced his defense or otherwise affected the verdict on either charge.[11] Finally, no such effect on either verdict is apparent to this court. For those reasons, we conclude that there is little, if any, likelihood that the trial court's alleged error affected either of the verdicts. Consequently, the alleged error was harmless, and Article VII (Amended), section 3, requires that we affirm defendant's convictions. The Court of Appeals erred in reversing and remanding on the hit and run charge.

The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the district court is affirmed.

---

[10] Although we discuss "harmless error" in a two-pronged analysis, it is equally permissible to truncate that analysis into a single test, *viz.,* "whether there is 'little likelihood' that [a particular error] * * * 'affected the verdict.' " *State v. Williams*, 313 Or 19, 56, 828 P2d 1006 (Unis, J., dissenting) (citing *State v. Hansen*, 304 Or 169, 180, 743 P2d 157 (1987)), *cert den* 506 US ___, 113 S Ct 171 (1992).

[11] At oral argument before this court, defendant cited *State v. Guyton*, 286 Or 815, 596 P2d 569 (1979), for the proposition that the evidence of defendant's consumption of alcohol would not have been admissible in a separate prosecution of the hit and run charge. Even if that were true (and we express no opinion on that point), defendant has failed to show that the evidence of defendant's consumption of alcohol was so harmful as to create a likelihood that it affected the jury's verdict on the hit and run charge.