On appellant's motion for reconsideration filed July 28, reconsideration allowed; opinion (121 Or App 362, 854 P2d 962) adhered to November 17, 1993, reconsideration denied January 12, petition for review allowed February 3, 1994
(318 Or 350)

# STATE OF OREGON,
*Appellant - Cross-Respondent,*

*v.*

# JAMES R. WEAVER,
*Respondent - Cross-Appellant.*

## (C9103-31294; CA A71768)

863 P2d 1273

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Brenda J. Peterson, Assistant Attorney General, for motion.

De MUNIZ, J.

Edmonds, J., dissenting.

## De MUNIZ, J.

The state moves for reconsideration of our opinion, 121 Or App 362, 854 P2d 962 (1993). We allow reconsideration and adhere to our opinion.

In its motion for reconsideration, the state takes issue with the following language from our opinion:

"The evidence supports a finding that the officers began searching for and seizing evidence well before defendant signed the consent form. The officers invaded defendant's constitutionally protected privacy interests when they began searching and seizing evidence without a warrant, without consent and without any other exception to the warrant requirements of Article I, section 9, and the Fourth Amendment. The fact that defendant subsequently consented does not vitiate the unlawfulness of a search and seizure that violated the state and federal constitutions at its inception." 121 Or App at 366.

The state asserts that our holding is contrary to the Supreme Court's analysis in *State v. Rodriguez,* 317 Or 27, 854 P2d 399 (1993), and *State v. Quinn,* 290 Or 383, 623 P2d 630 (1981).

The state correctly asserts that *Quinn* and *Rodriguez* stand for the proposition that evidence seized in a *subsequent* consent search will be suppressed "only in those cases where the police have exploited their prior unlawful conduct to obtain that consent." 317 Or at 40. The state also correctly asserts that, here the police did not exploit their prior unlawful conduct to obtain defendant's consent. However, that rule, or the misapplication of that rule as asserted by the state, is not the basis of our holding. Instead, the rationale underlying our holding is that the state failed to carry its burden of proving that the evidence it wants to introduce against defendant at trial was seized after defendant consented. The trial court made a factual finding that the officers began searching for and seizing evidence well before defendant signed the consent form. There is evidence to support that finding. We reiterate:

"It is possible that some of the searching and seizing occurred after defendant consented. However, nothing in the record suggests which items were seized after 2:00 p.m., nor does the record indicate which evidence was seized without

the benefit of information contained in the ADR. *If* any of the evidence was lawfully seized, the state has not met its burden of proving it." 121 Or App at 367. (Footnote omitted.)

We reject the state's suggestion that *Quinn* supports the proposition "that suppression [is] not required even if a * * * seizure occurred before the officers obtained defendant's consent." The whole point of *Quinn* and *Rodriguez* is that, although the police engaged in unlawful conduct, there was no direct causal connection between the prior unlawful conduct and the evidence seized during a *subsequent* consensual search. Here, unlike *Quinn* and *Rodriguez*, evidence was seized in an unlawful search that preceded defendant's consent. The state's record fails to show what, if any, items were seized after defendant's consent. Had the state proved that items were seized after defendant's consent was obtained, the state's reliance on *Quinn* and *Rodriguez* would be justified. However, on this record, that reliance is misplaced.

Reconsideration allowed; opinion adhered to.

**EDMONDS, J.,** dissenting.

The trial court concluded that the search by the police in this case began before defendant gave his consent and that the seizures that occurred thereafter exceeded the scope of the consent given by defendant. Based on those conclusions, it granted defendant's motion to suppress. This court did not adopt the trial court's second basis for allowing the motion. It affirmed, reasoning that "[t]he fact that defendant subsequently consented does not vitiate the unlawfulness of a search and seizure that violated the state and federal constitutions at its inception." 121 Or App at 366.

In its motion for reconsideration, the state correctly points out that when a search and seizure occurs as the result of a consent to search, the evidence seized will be suppressed only (1) if the consent is involuntary or (2) if the consent is the result of an exploitation of unlawful police conduct. *See State v. Rodriguez*, 317 Or 27, 39, 854 P2d 399 (1993). The majority concedes that the "exploitation" test under *Rodriguez* has not been met. It says:

"The state also correctly asserts that, here the police did not exploit their prior unlawful conduct to obtain defendant's consent." 124 Or App at 617.

Therefore, the only questions that remain are whether the consent was voluntary and whether the search was within the scope of the consent. The consent form expressly authorized the seizure of "any article which [the officers] considered to be of value as evidence." To determine whether defendant's consent to search was voluntary, the trial court was required to examine the totality of the facts and circumstances. *See State v. Kennedy*, 290 Or 493, 501, 624 P2d 99 (1981); *State v. Quinn*, 290 Or 383, 394, 623 P2d 630 (1981). It did not. Similarly, the majority's analysis about voluntariness is "too quick."

We start with the fundamental principle that flows from Article I, section 9 that "all persons are to be free from unreasonable government searches and seizures of their person and property." *State v. Quinn, supra*, 290 Or at 390. What makes searches without consent or other lawful predicates "unreasonable" is the "unlawful" invasion of a privacy interest or an "unlawful" significant interference with possessory or ownership interests in property. *See State v. Owens*, 302 Or 196, 206, 729 P2d 524 (1986). Searches with consent are lawful because the holder of a privacy or possessory interest chooses not to invoke the protection of the constitution. A waiver of the right to invoke the protection of the constitution can occur at any time, and nothing in the constitution prohibits a waiver from relating back after a search begins. For example, the failure of the defendant to object to the search of his suitcase after he consented to the search of his car has been held by us to be a consent to that search because he did not limit the scope of his initial consent or withdraw his consent. *See State v. Allen*, 112 Or App 70, 826 P2d 127, *rev den* 314 Or 176 (1992). The point is that when a valid consent follows unlawful police conduct, section 9 does not mandate that the evidence seized be suppressed. Rather, the existence of unlawful police conduct is just one of the circumstances to be considered to determine the validity of the consent.

In determining whether a consent to search is voluntary, no single fact is dispositive. *See State v. Wolfe*, 295 Or 567, 572, 669 P2d 320 (1983). As I expressed in my previous dissent in this case, 121 Or App at 369, the evidence that

defendant's consent to the search was voluntary is substantial. Not only did defendant execute a written consent to search, but the language of the document was drafted as the result of negotiations between the police and defendant's attorney. Even the fact that defendant and his lawyer were not aware that the search had begun before the consent was given is just another fact that must be considered as part of the totality of the circumstances. It may be that defendant was not concerned about whether the search had begun when he signed the consent so long as the officers searched only for those items specified in the consent form.

The majority ignores the circumstances surrounding the consent, focuses solely on the unlawful police conduct, and promulgates a new rule of law by interpreting section 9 to prohibit searches and resulting seizures when the consent to search is obtained after the search has been commenced. Effectively, the majority and the trial court hold that a search that occurs under such circumstances is *per se* "unreasonable" without regard to the facts underlying the consent and the search. The majority cites no authority in support of its rule; only the purported logic that to be a "reasonable search," the consent must always precede the search.

The illogic of the majority's "wooden" rule is demonstrated by the facts in this record. There is evidence that defendant knew that his second hand business was regulated by a county ordinance that authorized police to check property and records that pertained to the purchase and sale of regulated property such as firearms and jewelry. On the day of the search, the officers had begun a compliance check pursuant to the ordinance when they discovered that there were no transfer forms for the used firearms as required by ORS 166.427. The officers explained to the store manager what they had found and requested permission for a consensual search. The manager telephoned defendant who asked that an officer meet with him and discuss the search. Thereafter, an officer, defendant and his attorney met and made an agreement. The agreement limited the search to "used firearms" and "jewelry" along with "corresponding paper work." It was signed at 2 p.m. The search began no later than 1 p.m. The analysis by the majority never reaches the issue of

whether defendant waived his protection under the constitution. It says that the inquiry begins and ends with the fact that at the time the search began, defendant had not given his consent. However, if the officers searched only what defendant agreed later could be searched, the search can hardly be deemed "unreasonable."

In summary, on reconsideration, the majority says that the state fails to carry its burden of proving that the evidence it wants to introduce against defendant at trial was seized lawfully. That holding is predicated on an erroneous legal conclusion that a consent to search must always occur before the search begins. The state is correct in its assertion that the majority's rule is contrary to the supreme court's holdings in *State v. Rodriguez, supra*, and *State v. Quinn, supra*. The proper analysis for determining the voluntariness of a consent to search is to examine the totality of facts. The relationship between the time of the consent and the time the search began is just one of those factors. Because defendant's consent may have been voluntarily given, and because the search and seizure did not exceed the scope of his consent, we should remand to the trial court so that it can apply the correct legal criteria.

For these reasons, I dissent.

Richardson, C. J., and Deits, J., join in this dissenting opinion.