# STATE OF OREGON, *Respondent,*
## *v.*
# PERRY LIN BAGGERLY, *Petitioner.*
### (TC 76 722-C, C/A 7365, SC 25438)
573 P2d 721

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for petitioner. With her on the briefs was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

TONGUE, J.

**TONGUE, J.**

This is a criminal case in which the state moved for a continuance so as to enable it to file a motion to consolidate one charge against the defendant with another charge which admittedly arose from the same transaction or "criminal episode." That motion was made at the beginning of the trial of the first charge. It was resisted by defendant and denied by the trial court. Defendant was then tried and found not guilty of the first charge.

Defendant then moved to dismiss the second charge "on the grounds of former jeopardy." That motion was denied by the trial court and defendant was then convicted on the second charge. On appeal from that conviction the Court of Appeals affirmed the trial court by a per curiam opinion (29 Or App 341, 563 P2d 738 (1977)), citing its previous decision in *State v. Shields,* 28 Or App 719, 560 P2d 690 (1977). We allowed defendant's petition for review to consider two questions:

1. Whether the motion to consolidate, which was the purpose of the state's motion for a continuance, would have been "timely," and

2. Whether opposition by defendant to the state's motion for a continuance constituted a waiver of defendant's right to move to dismiss the second charge on grounds of "double jeopardy."

In *State v. Shields,* 280 Or 471, 571 P2d 892 (1977) we held that a motion to consolidate two or more criminal charges, when not made until the day set for trial of the first of those charges, is not "timely" and reversed the Court of Appeals for its holding to the contrary. For the same reasons, we hold that a motion for a continuance made at the beginning of the trial of the first charge and for the purpose of enabling the state to file such a motion to consolidate should be denied because the motion to consolidate would not be "timely."

[ 485 ]

■ The question remains, however, whether defendant's opposition to such a motion for a continuance, when made under the circumstances of this case, constituted a waiver of defendant's rights to move to dismiss the second charge on grounds of "double jeopardy."

This defendant was faced with two charges: driving under the influence of intoxicants (DUII) and driving while his license was suspended. The offenses, which admittedly arose out of the same transaction or "criminal episode," were committed on August 9, 1976. Citations on both charges were filed in the district court that same day. Trial was set for August 23.

On August 13 the prosecutor moved to dismiss the driving while suspended charge in the district court. On August 23, the day set for trial on the DUII charge, the prosecutor filed an information in circuit court on the driving while suspended charge. Then, at the beginning of the trial in district court on the DUII charge, the state moved for a continuance of the trial of that case so that it could be dismissed and refiled in circuit court, where the two charges could be consolidated.

Defendant opposed that motion for a continuance of the trial on the DUII charge. It appears the reason given by defendant's attorney for opposing that motion was that defendant had been "sitting in the jail" for some time; that defendant was "ready to try the case"; that defendant "would have to sit there [in jail] for another month before we had a trial date here in Circuit Court"; and that although defendant was "opposed to continuance" of the trial, he "did not oppose consolidation" of the charges.

The motion for continuance was then denied. Trial of the DUII charge then proceeded in the district court and defendant was acquitted of that charge. He then moved in the circuit court for dismissal of the driving while suspended charge on double jeopardy grounds. His motion was denied and he was found guilty on

stipulated facts by the circuit court, sitting without a jury. Defendant contended on appeal to the Court of Appeals that the charge should have been dismissed on grounds of double jeopardy. As previously stated, the Court of Appeals rejected that contention.

In support of the contention by the state that defendant, by resisting the motion for a continuance, waived his right to a consolidated trial under ORS 131.515(2), it is pointed out by the state that in this case, unlike the situation in *Shields,* defendant was not faced with a choice between going to trial unprepared and relinquishing his right to a consolidated trial.

This is true. However, defendant was presumably prepared for trial on the DUII charge on August 23, the date set. The state had had 14 days in which to make the necessary arrangements for consolidating the charges if it had wished to do so. Ten days earlier it had taken one step in that direction by dismissing the driving while suspended charge in the district court. It had done nothing further, however, until the trial of the DUII charge. We can see no good reason why, under the circumstances of this case, the defendant should not have been entitled to oppose a motion for continuance without waiving his double jeopardy rights.

If there had been reasonable grounds for such a motion for a continuance and it had been granted, defendant would then have had to decide whether to oppose the motion for consolidation when it was made. If he did so, that would have been a waiver of his right to a consolidated trial. We see no reason, however, why a defendant who has come to court prepared to try a case should have to put up with a delay for the state's convenience, even if there was no excuse for the time of the state's motion, or waive his double jeopardy rights.

[ 487 ]

We hold that the trial court erred in denying defendant's motion to dismiss the charge of driving while his license was suspended and, accordingly, reverse the decision by the Court of Appeals in this case.