794 P.2d 297

**STATE of Idaho, Plaintiff–Respondent,**

v.

**H.J. PHILLIPS, Defendant–Appellant.**

**No. 17891.**

Court of Appeals of Idaho.

July 2, 1990.

Rehearing Denied July 31, 1990.

Review Denied Sept. 24, 1990.

---

H.J. Phillips of Rupert, pro se.

Jim Jones, Atty. Gen., Jack B. Haycock (argued), Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

A jury in Minidoka County found Hartzell Phillips guilty of three violations of an ordinance of the City of Acequia: failure to license a dog, failure to restrain the dog, and interfering with a city official when Phillips released the dog from impoundment. A magistrate imposed a fine for each violation. Phillips appealed to the district court. The district court, acting in its appellate capacity, upheld the convictions. This appeal followed. We likewise affirm.

Phillips has acted as his own attorney in these proceedings. He has listed numerous issues in this appeal but for reasons explained below, we discuss only the following issues: (1) whether a jurisdictional defect in the proceedings has been shown by the failure of the State to prove the corporate existence of the City of Acequia; (2) whether Phillips was denied the right to assistance of counsel in violation of the Sixth Amendment; (3) whether the ordinances under which Phillips was convicted were valid.

The issues we discuss present legal questions over which we exercise free review. The first of these arises from Phillips' argument that the City of Acequia was not properly incorporated. This issue was not raised in the proceedings before the magistrate; it was raised for the first time in the appeal to the district court. Normally, issues newly raised will not be considered on appeal; however, there is an exception for jurisdictional issues. *In re Estate of Kunzler*, 109 Idaho 350, 707 P.2d 461 (Ct.App.1985). Because we conclude that this issue is jurisdictional in nature, we can address it on appeal. Phillips points to I.C. § 50–102 stating that a certified copy of the proclamation of the Board of County Commissioners declaring incorporation of a city "shall be filed with the office of the secretary of state." In his reply brief to the district court, Phillips appended a certificate from the Secretary of State's office indicating that the City of Acequia had not filed "as a corporation."

Without a certified copy of a proclamation on file, Phillips contends that the City of Acequia did not exist and had no authority to adopt the ordinances in question or to enforce them. According to Phillips, the filing requirement is jurisdictional. In dealing with this argument, the district court simply stated that it was taking judicial notice of the corporate existence of the city as permitted by I.C. § 50–104 and I.R.E. 201. Section 50–104 states:

All courts within the county in which such newly incorporated city is situated shall take judicial notice of the corporate capacity and existence of such city. In all other courts of the state the corporate capacity and existence of such city may be proved by copies of the certificate of incorporation filed with the office of the secretary of state, duly authenticated, declaring the same to be a city.

Because Phillips has raised the same issue in the present appeal, the state moved to augment the record with certified copies of the minutes of the Minidoka County Board of Commissioners meeting containing an order issued on January 14, 1952, declaring the incorporation of the "Village" of Acequia. No objection to the augmentation was filed. To afford the state an opportunity to respond to a jurisdictional issue raised on appeal and to avoid a remand, we granted the state's request to augment.

We now hold that the district judge did not err by taking judicial notice of the corporate existence of the city. The statutes on which Phillips relies, I.C. § 50–101 and –102, were not enacted until 1967. *See* 1967 Idaho Sess.Laws ch. 429, §§ 1–475, pp. 1249–1415. When Acequia was incorporated as a village in 1952 the procedure was governed by former I.C. § 50–701 (I.C.A. § 49–701 re-enacted). *See* 1947 Idaho Sess.Laws ch. 213 § 1, pp. 497–99. The statutes then in effect for "villages" contained no requirement of filing with the Secretary of State. Former I.C. § 50–701 merely required, in part, as follows:

> [I]f such county board, or a majority of the members thereof, shall be satisfied that a majority of the taxable inhabitants of the proposed village have signed such petition, and that inhabitants to the number of 125 or more are actual residents of the territory described in the petition, the said board shall declare the said proposed village incorporated, entering the order of incorporation upon their records, and designating the metes and bounds thereof; and thereafter the said village shall be governed by the provisions of this title applicable to the government of villages.

With the recodification of the laws governing municipalities in 1967, "villages" became reclassified as "cities." Thus, we conclude that Acequia was a duly formed city when the dog control ordinances were enacted and when they were enforced in this case.

We now consider the validity of the Acequia City ordinances under which Phillips was charged. Phillips concedes that I.C. § 50–319 specifically grants municipalities the authority to regulate the running at large of domestic animals. However, he contends that the ordinances, adopted in 1983, were not properly printed or published. He argues that the ordinances were not properly "authenticated," because they were not filed with the county, and he asserts that the ordinances are vague and conflict with state law.

On appeal, we will not presume error. The burden lies on the appellant to furnish an adequate record to support issues presented on appeal. *Bernard v. Roby*, 112 Idaho 583, 733 P.2d 804 (Ct.App. 1987). Phillips waived the preparation of a transcript of the trial proceedings. Our record on appeal is limited. The record does not show that the challenges now being made to the validity of the ordinances were ever presented to the trial court. These questions, therefore, were not preserved on appeal. *Baldner v. Bennett's Inc.*, 103 Idaho 458, 649 P.2d 1214 (1982). Moreover, several of Phillips' arguments are not supported by any cogent argument or citations of authority. Accordingly, we will not review the issue Phillips has raised concerning the validity of the ordinances. *Price v. Aztec Ltd., Inc.*, 108 Idaho 674, 701 P.2d 294 (Ct.App.1985); I.A.R. 35(a)(6).

We next address Phillips' assertion that he was denied the constitutional right to assistance of counsel. Phillips contends that this right was violated when his choice of "lay counsel" was denied. Phillips also contends that there is a distinction between "assistance" and "representation" by such counsel. Phillips asserts that he is not requesting that "lay counsel" represent him. Instead, Phillips insists that he merely seeks to be aided or helped by "lay counsel" when presenting his case. He argues that, even if we conclude that there is no constitutional right to be "represented" by non-attorney counsel, there is a constitutional right to be aided or assisted by "lay counsel." It is well settled in Idaho that a defendant has no constitutional right to be represented at trial by a person

who is not an attorney. *State v. Brake*, 110 Idaho 300, 715 P.2d 970 (1986); *State v. Simmons*, 115 Idaho 877, 771 P.2d 541 (Ct.App.1989) (review denied). In addition, under facts similar to these, this Court has equated the term "assistance" with "representation." *State v. Fanning*, 114 Idaho 646, 759 P.2d 937 (Ct.App.1988). Consequently, we hold that the magistrate did not err when he rejected Phillips' request for "lay counsel."

We acknowledge that there may be narrowly defined situations which justify limited assistance or support from lay persons. However, as noted earlier, we have not been provided with the trial transcript. Consequently, we do not know what facts were presented to the magistrate or what reasons were shown for Phillips' request to have assistance of lay "counsel." Neither do we have the ruling of the magistrate on this request; we have only the court minutes. It is clear that, by choice, Phillips rejected representation by a licensed attorney. He was, of course, allowed to represent himself. Based on this record, Phillips has failed to justify any departure from the well recognized rule that a defendant has no constitutional right to be assisted by "lay counsel."

The district court's decision, upholding the judgment of conviction, is affirmed.

WALTERS, C.J., and BURNETT, J., concur.