799 P.2d 471

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael D. IRVING,
Defendant–Appellant.**

No. 18015.

Court of Appeals of Idaho.

Sept. 26, 1990.

Bruce H. Greene, Sandpoint, for defendant-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen. (argued), for plaintiff-respondent.

SWANSTROM, Judge.

Michael Irving entered a conditional plea of guilty to the misdemeanor charge of driving while under the influence, reserving the right to appeal from the magistrate's denial of his motion for continuance. I.C.R. 11(a)(2). The district court, acting as an appellate court, affirmed the magistrate's order denying Irving's motion. Appealing again, Irving contends the magistrate erred in denying his motion for continuance. For reasons expressed below, we affirm.

When considering an appeal from the district court, acting in its appellate capacity, we review the record independently of, but with due regard for, the decision of the district court. *State v. Hayes*, 108 Idaho 556, 700 P.2d 959 (Ct.App.1985) (review denied). Furthermore,

> [i]t is well settled in this, and the overwhelming majority of other jurisdictions, that the granting of a motion for continuance is vested in the sound discretion of the trial court, and the action of that court will not be disturbed unless there has been a clear abuse of discretion.

*State v. Richardson*, 95 Idaho 446, 448, 511 P.2d 263, 265 (1973), cert. denied, 414 U.S. 1163, 94 S.Ct. 928, 39 L.Ed.2d 117 (1974). Ordinarily, a denial of a motion for continuance is not an abuse of discretion absent a showing that substantial rights of the defendant have been prejudiced. *State v. Laws*, 94 Idaho 200, 485 P.2d 144 (1971).

On March 27, 1988, Irving was arrested on misdemeanor charges of driving while under the influence, possession of marijuana and possession of paraphernalia. Two days later, Irving entered a plea of not guilty. A request for discovery was also filed. The state filed a partial response to Irving's discovery motion on April 7, 1988. A subsequent discovery response was filed by the state on May 11, 1988. On April 19 the case was set for a jury trial to commence May 25, 1988.

On the day before the trial, Irving filed a motion for continuance. However, this motion was denied by the magistrate on the

morning of the trial. Irving then entered a conditional plea of guilty to the charge of driving while under the influence. As part of the plea bargain, the state dismissed the two drug-related charges. Irving then exercised his right to appeal to the district court. The district court upheld the magistrate's order denying the motion for continuance. This appeal followed.

■ The sole issue is whether the magistrate erred in denying Irving's motion for continuance. Irving contends that the continuance should have been granted because the state failed to comply with all of his discovery requests. In particular, Irving sought to obtain a copy of police reports of two of the assisting officers and production of the tape recordings of the radio and telephone dispatches made during the hours before and after he was stopped by the police. Irving believed this information was needed in order to adequately support a motion to suppress. The motion to suppress was to be based upon Irving's belief that the stop and subsequent search of his vehicle were conducted without probable cause.

The state, on the other hand, argues that the continuance motion was properly denied because, notwithstanding the state's failure to comply with discovery, when the motion for continuance was filed, the time for filing a motion to suppress had already expired. The state asserts that a motion to suppress was required to be filed within fourteen days after the entry of a plea of not guilty or seven days before trial, whichever is earlier. I.C.R. 12(d).[1] In this case, the motion to suppress should have been filed by April 12, 1988, because this date represents the earlier of the two time requirements set out in I.C.R. 12(d). However, as conceded by Irving, no motion to suppress was ever filed in this case. Accordingly, the state contends that because the motion for continuance was made for the express purpose of allowing Irving to later file a motion to suppress, the motion

for continuance was properly denied. We agree.

The state's alleged noncompliance with the discovery request did not prevent Irving from filing a timely motion to suppress. Even without the state's compliance with the discovery request, Irving had obtained before April 12, 1988, information upon which to file a motion to suppress based upon the alleged illegality of the stop and search of his vehicle. Moreover, the burden would have been on the state at the suppression hearing to come forward with evidence showing that the stop and search of Irving's vehicle was permissible. *State v. Woolery*, 116 Idaho 368, 775 P.2d 1210 (1989). "Any warrantless search or seizure of a citizen is presumptively unreasonable unless it falls within certain specific and well delineated exceptions." *Id.* at 370, 775 P.2d at 1212. The fact that the state had the burden of producing evidence and the ultimate burden of persuasion at the suppression hearing strengthens our conclusion that, notwithstanding the state's alleged failure to comply with discovery, Irving could have filed a timely motion to suppress.

Here, the record shows that the state made and served its initial response to the discovery request on April 5, 1988, listing the identity of the state's witnesses. The response also included the following two items:

7. *STATEMENTS OF STATE WITNESSES:* ENCLOSED IN OFFICERS REPORT

8. *POLICE REPORTS:* ENCLOSED

On May 11 the state made an additional response to the earlier discovery request by furnishing an "intoximeter packet" to Irving's counsel. Apparently, the only officer's report which the initial response contained was the report of the Idaho State Police officer who had made the arrest. Two other city police officers participated in the stop and arrest of Irving. However, at the hearing on the motion for a continuance, the prosecuting attorney contended

---

1. Effective July 1, 1989, I.C.R. 12(d) was amended requiring that a motion to suppress be filed within twenty-one days after the entry of a plea of not guilty or seven days before trial, whichever is earlier.

that, to his knowledge, neither of these officers had prepared any written report. Nothing in the record suggests otherwise. Thus, the state was unaware until shortly before trial, that Irving was expecting to be furnished with additional officers' reports.

In upholding the magistrate's decision to deny Irving's motion for a continuance, the district court noted that Irving took no steps beyond his initial request to compel discovery. The district court recognized that no motion to compel is required to impose a duty on the state to comply with discovery requests. However, the district court also noted that Irving knew on April 7 that he had not received written reports from the two city police officers listed as state's witnesses. The district court felt that a litigant with knowledge of the deadlines for a motion to suppress and knowledge of the trial setting could not sit by and wait until the day prior to trial before requesting a continuance on the grounds of noncompliance with a discovery request. We agree that under the circumstances shown here, the magistrate could reasonably view Irving's request for relief as untimely.

Accordingly, we hold that it was not an abuse of discretion for the trial court to deny a motion for continuance made just before the scheduled trial for the purpose of later filing an untimely motion to suppress. *See State v. Baggerly,* 280 Or. 483, 573 P.2d 721 (1977).

■ Irving also contends that the magistrate impermissibly denied his motion based, in part, on the magistrate's belief that granting a continuance would disrupt the court's calendar. We disagree. When deciding whether to grant or deny a motion for continuance, the magistrate was enti-tled to consider the effect that a continuance would have on the efficient operation of the court system. *State v. Carman,* 114 Idaho 791, 760 P.2d 1207 (Ct.App.1988), aff'd, *State v. Carman,* 116 Idaho 190, 774 P.2d 900 (1989); *Salazar v. State,* 559 P.2d 66 (Alaska 1976).

> Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same time, and this burden counsels against continuances except for compelling reasons.

*State v. Carman,* 114 Idaho at 793, 760 P.2d at 1209 (Ct.App.1988), *quoting Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 849–50, 11 L.Ed.2d 921 (1964), reh'g denied, 377 U.S. 925, 84 S.Ct. 1218, 12 L.Ed.2d 217 (1964). Here, the magistrate noted that the trial was scheduled to begin that day and that jurors had been summoned.

In conclusion, we believe that Irving's substantial rights have not been adversely affected—especially where, as here, the motion for continuance was made for the express purpose of filing an untimely motion to suppress. We hold that the magistrate did not abuse his discretion in denying Irving's motion for continuance. Accordingly, the district court's order, upholding the magistrate's order denying the motion for continuance, is affirmed.

WALTERS, C.J., and WINMILL, J., Pro Tem, concur.