834 P.2d 888

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Danny Russell GARNER, Defendant–Appellant.**

**No. 19156.**

Court of Appeals of Idaho.

April 30, 1992.

Petition for Review Denied Aug. 26, 1992.

Edgar R. Frachiseur, Mountain Home, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Danny Russell Garner entered a conditional plea of guilty to a felony charge of driving while under the influence of alcohol, and reserved the right to appeal from the district court's denial of his motion for continuance. On appeal, Garner argues that the district court abused its discretion by denying the motion for a continuance. Garner also contends that, by denying his motion for a continuance, the district court violated his Sixth Amendment right to the effective assistance of counsel. For the reasons stated below, we affirm.

The facts of this case are as follows. Garner was arrested on April 24, 1990, and charged with the misdemeanors of driving under the influence of alcohol, driving with an expired license, driving without liability insurance, and resisting an officer. On May 1, 1990, a court-appointed public defender entered a plea of not guilty on Garner's behalf. The magistrate set a jury trial for July 16, 1990.

On July 13, 1990, the prosecutor filed a complaint charging Garner with felony driving under the influence pursuant to I.C. § 18–8005. Garner had pled guilty to two prior charges of driving under the influence of alcohol. The complaint alleged that the first plea of guilty was entered on October 9, 1985; the second plea was entered on April 6, 1987. Garner was scheduled to appear on the felony charge on July 16, 1990, the same date set for the jury trial of the misdemeanor charges.

Garner did not appear on July 16, 1990, because he had been hospitalized. Garner's attorney filed a motion to continue which the district court granted. The court reset the date for the arraignment and the

trial on the misdemeanor charges for August 14, 1990. Garner failed to appear for his arraignment. The district court issued a bench warrant for Garner's arrest. The warrant was quashed when the court learned that Garner was in the hospital at the time of his arraignment and was unable to appear. On September 11, 1990, Garner appeared on the felony charge. On September 26, 1990, he waived his right to a preliminary hearing and was bound over to the district court.

Garner appeared for his arraignment on the felony charge in district court on Thursday, October 4, 1990. The district court advised Garner of his rights and advised him of the different pleas he could enter. The court also advised Garner that he could enter a plea at the arraignment hearing but told Garner that he could take additional time to decide how he wanted to plead. Under I.C.R. 10(c), a criminal defendant must be allowed a reasonable time, which is defined as not less than one day, in which to answer the indictment or information.[1] Garner waived the statutory time for entering a plea and pled not guilty.

The district court moved then to trial setting. Garner's counsel indicated that he wished to file a motion to dismiss the case. In order to obtain a felony DUI conviction under I.C. § 18–8005(3)[2], the state must prove that the defendant was guilty of or pled guilty to three charges of driving under the influence within five years. *State v. Bever,* 118 Idaho 80, 82, 794 P.2d 1136, 1138 (1990) (felony DUI statute required three DUI convictions or guilty pleas within five years, rather than three violations within five years, for offender to be guilty of felony charge); *see also State v. Garrett,* 119 Idaho 878, 883, 811 P.2d 488, 493 (1991). Because Garner pled guilty to the

first DUI charge on October 9, 1985, he could not be convicted of a felony DUI charge unless his third conviction or guilty plea was entered before October 9, 1990.

Because the five-year time limitation would not run until October 9, 1990, the prosecutor requested a trial setting before that date. The following discussion took place on the record:

MS. NEILSON (the prosecutor): Well, we're going to ask for a trial setting before the 9th. . . .

THE COURT: Oh, [yes], it's only the 4th, isn't it?

MS. NEILSON: Yes, sir.

THE COURT: All right, we can try the case tomorrow, I guess.

MS. NEILSON: Yes, sir.

MR. FRACHISEUR (counsel for Garner): I'm not prepared to try the case tomorrow, Your Honor.

THE COURT: Well, we'll have to go today, then.

MS. NEILSON: Monday—oh, you won't be here Monday.

THE COURT: Monday is a holiday. It's a non-judicial day, the 8th.

MS. NEILSON: I can probably get my officers for a court trial today, but that would—

THE COURT: Boy, talk about getting backed into a corner. Well, let's get a jury and try it. I don't know, we don't have much choice. . . .

After taking a recess, Garner's counsel told the district court that he was not prepared to defend the case at that time and moved that the case be set for trial no earlier than thirty days later. The court denied the motion, stating "although I understand and I usually am very considerate about giving

---

**1.** Idaho Criminal Rule 10(c) states in pertinent part:

> Arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating to him the substance of the charge and calling on him to plead thereto. . . . If on the arraignment the defendant requires time to enter his plea, he must be allowed a reasonable time, not less than one (1) day, within which to answer the indictment or information.

**2.** At the time Garner committed his third offense, I.C. § 18–8005(3) stated in relevant part:

> Any person who pleads guilty to or is found guilty of three (3) or more violations of the provisions of section 18–8004, Idaho Code, [which prohibits driving under the influence of alcohol, drugs or any other intoxicating substance] within five (5) years, notwithstanding the form of the judgment(s) or withheld judgment(s), shall be guilty of a felony; . . .

defense counsel adequate time to prepare, I don't think it's possible in this situation."

Based on the district court's denial of the motion, Garner indicated that he wished to enter a plea of guilty, but reserved the right to appeal the court's denial of the motion to continue. After questioning Garner regarding his knowledge of the consequences of his plea and the voluntary nature of his plea, the court accepted the plea of guilty. At the sentencing hearing in December, 1990, the court imposed a unified sentence of five years with a minimum period of confinement of two years. The court retained jurisdiction for 120 days and stayed the execution of the sentence pending the outcome of the appeal.

■ A denial of a motion for a continuance is not an abuse of discretion absent a showing that substantial rights of the defendant have been prejudiced. *State v. Irving*, 118 Idaho 673, 675, 799 P.2d 471, 473 (Ct.App.1990) (denial of motion for continuance not an abuse of discretion where defendant wanted continuance in order to file an untimely motion to suppress), *citing State v. Laws*, 94 Idaho 200, 202, 485 P.2d 144, 146 (1971). When an exercise of discretion is reviewed on appeal, the appellate court conducts a multi-tiered inquiry. The sequence of the inquiry is: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991); *Associates Northwest, Inc. v. Beets*, 112 Idaho 603, 605, 733 P.2d 824, 826 (Ct.App. 1987).

■ Looking first to the legal standards applicable to this issue, the state has called our attention to I.C. § 19–1908, a statute which Garner has failed to cite either in the court below or on appeal. Idaho Code § 19–1908 states:

> **Time to prepare for trial.**—After his plea the defendant is entitled to at least two (2) days to prepare for trial.

Though Garner's counsel stated that he was unprepared to go to trial, he failed to raise any argument under this statute. We note that had Garner's counsel taken advantage of the mandatory one-day time period for entering a plea under I.C.R. 10(c), and the mandatory two-day time period to prepare for trial under I.C. § 19–1908, the trial would have been delayed for three days. A three-day delay would have extended the trial date to Wednesday, October 10, 1990, which would have been at one day beyond the five-year time limit for obtaining a felony DUI conviction. Garner made no request for additional time to answer the indictment or for the mandatory two days to prepare for trial. Based on the fact that no such request was made, and the fact that Garner withdrew his plea of not guilty, changed his plea to guilty, and waived his right to a jury trial, we cannot conclude that he suffered any prejudice thereby. *See generally State v. Cronk*, 78 Idaho 585, 587–88, 307 P.2d 1113, 1114 (1957).

■ As to counsel's motion for a thirty-day continuance, we note that Garner's counsel was appointed on April 27, 1990, more than five months before the date of the arraignment. The complaint charging the offense as a felony was filed nearly three months before the arraignment. Garner's counsel had received pretrial discovery from the state and stated on the record that he did not believe that any additional discovery was necessary. Garner's counsel did not allege that he needed additional time to locate and subpoena witnesses, to obtain further information from the state, or to research legal issues. Further, Garner's counsel did not inform the court of any scheduling conflicts, of any need to confer with his client, or of any other reason he was not prepared to go to trial.

Applying the abuse of discretion analysis to the case, we conclude that there is no question that the district court perceived the issue as one of discretion and reached its decision through an exercise of reason. In light of the facts in the record, it is apparent that the court acted within the

outer boundaries of its discretion and within the legal standards applicable to the choice it had to make. Though the district court did not grant Garner the two-day time period to prepare for trial which is allowed under I.C. § 19–1908, we note that Garner did not make a request under the statute during the proceedings below, and has failed to raise the issue on appeal. Thus, the district court's failure to grant the preparation time cannot be held to be an abuse of discretion. The district court noted the people's interest required a speedy trial. When balancing the people's interests against the defendant's rights, all the court had before it was Garner's counsel's unsupported claim that he would not be prepared to go to trial without a thirty day continuance. Without more, we are unable to conclude that the district court abused its discretion by denying Garner's motion to continue.

 We turn next to the question whether the district court's denial of the motion to continue the trial impaired Garner's Sixth Amendment right to the effective assistance of counsel. Garner raises this issue for the first time on appeal. Garner has provided no authority or argument to support his Sixth Amendment claim. An appellant bears the burden of furnishing a record sufficient to enable an appellate court to evaluate his claim of error and to decide the case. *See State ex rel Hodges v. Hodges,* 103 Idaho 765, 653 P.2d 1177 (1982); *State v. Phillips,* 118 Idaho 27, 29, 794 P.2d 297, 299 (Ct.App. 1990). As noted above, Garner's counsel never claimed that he needed additional time to locate witnesses, engage in discovery, conduct legal research, or resolve scheduling conflicts. Moreover, he does not claim that his counsel's performance was deficient in any way. Garner has presented no facts and has developed no record which supports his contention that he did not have the effective assistance of counsel in preparing for trial. Without facts, it is impossible for us to determine whether Garner satisfied the requirements necessary to prove that he was denied effective assistance of counsel. We will not presume error on appeal. *Phillips,* 118 Idaho

at 29, 794 P.2d at 299; *State v. Bylama,* 103 Idaho 472, 475, 649 P.2d 1228, 1231 (Ct.App.1982). Because Garner has failed to present us with either a factual record to support his claim or a discussion of how the law applies to his case, we decline to address the issue whether he was denied his Sixth Amendment right to the effective assistance of counsel.

The district court's denial of the motion for a continuance is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.