Submitted December 28, 2012, in Case Number 102785, judgment of conviction for criminal mischief in the second degree reversed and remanded, in Case Number 102095, judgment affirmed October 9, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSE DAMIEN BELTRAN,
*Defendant-Appellant.*

Lincoln County Circuit Court
102095, 102785;
A146412 (Control), A146413

311 P3d 936

Peter Gartlan, Chief Defender, and Lindsey K. Detweiler, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Pamela J. Walsh, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

In this consolidated criminal appeal, defendant appeals judgments of conviction for assaulting a public safety officer, ORS 163.208, resisting arrest, ORS 162.315, second-degree disorderly conduct, ORS 166.025, and second-degree criminal mischief, ORS 164.354. On appeal, defendant raises three assignments of error. He argues that the trial court erred in (1) granting the state's motion to consolidate, (2) denying defendant's requested jury instruction that the verdict must be unanimous, and (3) entering a judgment of conviction based on a nonunanimous jury verdict. We reject defendant's second and third assignments of error based on the reasoning of *State v. Bowen*, 215 Or App 199, 168 P3d 1208 (2007), *adh'd to as modified on recons*, 220 Or App 380, 185 P3d 1129 (2008), *rev den*, 345 Or 415, *cert den*, 558 US 815 (2009). However, for the reasons that follow, we conclude that the trial court erred in granting the state's motion to consolidate, and we reverse and remand the judgment of conviction for criminal mischief in the second degree; otherwise we affirm.

The facts relevant to this appeal are as follows. After an altercation with three Newport police officers in May 2010, defendant was charged in a single indictment (Case Number 102095) with assaulting a public safety officer (Count 1), criminal mischief in the second degree (Count 2), resisting arrest (Counts 3-5), and disorderly conduct in the second degree (Count 6). The case was set for trial on July 22, 2010. The day before trial, the state notified the court and defendant that the state had mispleaded Count 2 in the indictment. As pleaded in the indictment, Count 2 alleged that defendant had "unlawfully and recklessly damage[d] a police radio * * * in an amount exceeding $100." However, the second-degree criminal mischief statute in effect at the time of the altercation required proof of damage in an amount exceeding $500.[1] The next day—the day set for trial—the

---

[1] ORS 164.354 was amended by Oregon Laws 2009, chapter 16, section 5 to increase the damage requirement from $100 to $500. The current version of ORS 164.354 provides:

"(1) A person commits the crime of criminal mischief in the second degree if:

state moved to amend the indictment to correct the dollar amount in Count 2. The trial court denied that motion. In the alternative, the state moved to dismiss Count 2 from the indictment, to file an information charging defendant with one count of criminal mischief in the second degree using the correct statutory language, to arraign defendant on that charge, and to consolidate the two cases and proceed in one trial that same day.

Defendant objected to that series of motions, arguing that (1) they were merely an end-run around the court's denial of the state's motion to amend, (2) the motion to consolidate was not timely, and (3) defendant would be unfairly prejudiced by the consolidation. In his objection, defendant explained to the court that he had caught the mistake in the indictment and intended to file a motion in arrest of judgment at the end of trial if the jury convicted him on that count. He further argued that he was not prepared to defend against the allegation that he had damaged the radio in an amount exceeding $500 and that, had that originally been pleaded, he might have proceeded differently in his defense. Despite those arguments, however, the trial court granted the motions and concluded that defendant was not substantially prejudiced by the consolidation. Defendant was then charged by information with criminal mischief in the second degree (Case Number 102785), arraigned, and tried that same day in a consolidated trial of Case Numbers 102095 and 102785. The jury found defendant guilty of all charges.[2]

On appeal, defendant argues that the trial court improperly granted the state's motion to consolidate. Defendant contends that the trial court erred in three ways when

---

"(a) The person violates ORS 164.345, and as a result thereof, damages property in an amount exceeding $500; or

"(b) Having no right to do so nor reasonable ground to believe that the person has such right, the person intentionally damages property of another, or, the person recklessly damages property of another in an amount exceeding $500.

"(2) Criminal mischief in the second degree is a Class A misdemeanor."

[2] The trial court merged Counts 4 and 5 with Count 3 and entered a judgment of conviction in Case Number 102095 for assaulting a public safety officer (Count 1), resisting arrest (Count 3), and disorderly conduct in the second degree (Count 6). The court also entered a judgment of conviction in Case Number 102785 for criminal mischief in the second degree.

it granted the state's motion: (1) the state's motion to consolidate was untimely; (2) even if timely, the motion substantially prejudiced defendant under ORS 132.560(3); and (3) the consolidation of defendant's cases violated due process. We need not reach defendant's second and third arguments, as we agree that the state's motion was untimely; we therefore conclude that it was improper for the trial court to consolidate the cases.

The parties agree that this case turns on the proper application of ORS 132.560, which outlines the situations in which charges and charging instruments can be joined or consolidated. That statute provides, in part:

"(1) A charging instrument must charge but one offense, and in one form only, except that:

"* * * * *

"(b) Two or more offenses may be charged in the same charging instrument in a separate count for each offense if the offenses charged are alleged to have been committed by the same person or persons and are:

"(A) Of the same or similar character;

"(B) Based on the same act or transaction; or

"(C) Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

"(2) If two or more charging instruments are found in circumstances described in subsection (1)(b) of this section, the court may order them to be consolidated."

Although ORS 132.560 does not expressly contain a filing deadline, a motion to consolidate charging instruments under ORS 132.560(2) must be timely. *See State v. Shields*, 280 Or 471, 478, 571 P2d 892 (1977) (reversing our decision in *State v. Shields*, 28 Or App 719, 560 P2d 690 (1977)). In *Shields*, the defendant had been charged in two separate traffic citations with driving under the influence of intoxicating liquor and driving with a blood alcohol content of .15 percent or more. Later, the state filed a separate criminal complaint charging defendant with two additional counts arising out of the same criminal episode. The two charges in the criminal complaint were set to be tried at an

earlier date than the two traffic citations. However, on the day set for trial on the criminal complaint, the state moved to consolidate all four charges. 28 Or App at 721.

The trial court denied the motion on the ground that it was untimely, and the trial proceeded on the two charges in the criminal complaint. After that trial concluded, the defendant moved to dismiss the charges in the traffic citations based on the former jeopardy doctrine. The trial court granted the motion, finding that, due to the timing of the state's motion to consolidate, the defendant had no real choice between opposing it and waiving jeopardy rights or concurring and proceeding with a trial on consolidated charges for which he may not have been prepared. *Id.*

The state appealed, and this court reversed the trial court's ruling that the motion was untimely. *Shields,* 28 Or App at 723. In reversing our decision, the Supreme Court adopted Chief Judge Schwab's reasoning in his dissent that "a motion for consolidation, to be timely, must be filed at such time as will 'allow the defendant to make an informed and calculated response,'" *Shields,* 280 Or at 478 (quoting *Shields,* 28 Or App at 724 (Schwab, C. J., dissenting)), and held that "a motion to consolidate is not 'timely' when not filed until the day set for trial on some, but not all, of the charges against a defendant," *id.* at 478.[3] On the same day that it issued its decision in *Shields,* the Supreme Court restated that rule in another decision, reiterating that, under *Shields,* "a motion to consolidate two or more criminal charges, when not made until the day set for trial of the first of those charges, is not 'timely.'" *State v. Baggerly,* 280 Or 483, 485, 573 P2d 721 (1977).

Defendant contends that, under the rule in *Shields,* the state's motion in this case was untimely. He argues that, on the day set for trial in Case Number 102095, the state filed a new information creating Case Number 102785 and moved to consolidate the new case with the case set for trial that day. Defendant recognizes, but does not assign relevance to, the fact that the basis for the criminal mischief

---

[3] The court declined to address what test would be applied to determine timeliness of a motion filed at some time prior to the date set for trial on some charges against a defendant. *Shields,* 280 Or at 478.

charge in the new information was the same conduct that had been the basis for the criminal mischief charge in the original indictment. Instead, relying on *Shields* and *Baggerly*, defendant argues that the state was nonetheless required to timely file its motion to consolidate.

In response, the state makes two arguments. First, the state argues that *Shields* does not control whether the motion in this case was timely. According to the state, *Shields* addressed an entirely different situation than is presented here. Focusing on the fact that, in *Shields*, the motion to consolidate had been denied and double jeopardy issues were at play, the state argues that *Shields* is inapplicable. The state bases its argument on its characterization of the issues that the Supreme Court considered in *Shields*. According to the state, the court in *Shields* considered whether the defendant had waived his right to assert his double jeopardy rights when he objected to the motion to consolidate, and focused on "whether the defendant had time to make an informed and knowledgeable judgment about waiving an important constitutional right."

We conclude, however, that the state's framing of the issues in *Shields* is contrary to the Supreme Court's own characterization of that case. The Supreme Court made it clear that it granted the defendant's appeal in *Shields* to consider two distinct questions:

"1.   Whether the motion by the state to consolidate the charges for trial was 'timely,' as held by the Court of Appeals; [and]

"2.   Whether opposition by the defendant to that motion constituted a waiver of defendant's 'double jeopardy' right to a single trial on all charges arising from the same transaction or 'criminal episode,' as also held by that court."

*Shields*, 280 Or at 473. Thus, *Shields* addresses two concepts: (1) the timeliness of a motion to consolidate, and (2) the *effect* of a defendant's opposition to a motion to consolidate on his double jeopardy rights. Therefore, we reject the state's argument that *Shields* does not apply to this case.

Next, the state contends that the facts of this case distinguish it from *Shields*. The state argues that, because

the language of the *Shields* rule limits itself to situations in which the state has moved to consolidate on "the day set for trial on some, but not all, of the charges," that rule does not apply to this case. The state argues that, unlike the situation in *Shields*, the trial in this case was originally set to address all of the charges alleged in a single indictment, and did not involve a separate charging instrument or a double jeopardy analysis. Accordingly, the state contends that this case is not covered by *Shields*, because defendant was not "suddenly confronted with the prospect of addressing unanticipated charges in the same trial."

We reject the state's interpretation of the facts in this case and conclude that *Shields* is applicable. Although it is true that, under the original indictment, defendant was going to be tried on *all* charges on July 22, 2010, the day set for trial, the state moved to have one of those charges, Count 2, dismissed. After the court dismissed Count 2, July 22 was no longer the date set for trial on *all* of the charges against defendant; the state then charged defendant by information on the correctly pleaded criminal mischief charge. Although that new charge reflected the same conduct that was the basis of the original—but now dismissed—charge, it was nonetheless a completely new charge, and the state did not file its motion to consolidate the new charge with the original charges "until the day set for trial on some, but not all, of the charges against * * * defendant." *Shields*, 280 Or at 478. Thus, the state's motion in this case ran afoul of the *Shields* rule because it sought to "consolidate two or more criminal charges, [but was] not made until the day set for trial of the first of those charges * * *." *Baggerly*, 280 Or at 485.

We note also that the criminal mischief charge contained in the new information was a new charge that differed in a significant way from the original charge that had been dismissed. Although the state argues that defendant was not "suddenly confronted with the prospect of addressing unanticipated charges in the same trial[,]" that argument is contradicted by the record. Defendant, when faced with the series of motions proposed by the state on the day set for trial, explained to the court that he had noticed the mistake in the indictment with respect to Count 2 and crafted his trial strategy and defense theory around that

mistake—that is, defendant had prepared to defend the charge *as alleged*.[4] Therefore, this is not a situation where the state dismissed, repleaded, and consolidated a charge that was identical during the entire process. In this case, defendant relied on the charge as it was pleaded—more precisely, as it was mispleaded—and, therefore, when the state sought to consolidate the correctly pleaded version of that charge, defendant *was* in fact "suddenly confronted with the prospect of addressing unanticipated charges in the same trial." The rule in *Shields* requires timely motions to consolidate that "allow the defendant to make an informed and calculated response." *Shields*, 280 Or at 478 (internal quotation marks omitted).[5] We conclude that, in this case, defendant was not given such an opportunity. Therefore, the state's motion to consolidate the two cases was not timely, and the trial court erred in granting the motion.

We further conclude that that error was not harmless. *See* ORS 138.230 (stating that courts should disregard defects that do not affect the substantial rights of the parties). Error is harmless where "there [is] little likelihood

---

[4] In opposing the motion to consolidate, defense counsel explained how he intended to proceed with trial that day:

"[F]rankly, Judge, let me tell you what I was anticipating. I, I had seen this. I, I caught this, uh, early. And, uh, I elected—and I'll be plain here—I elected not to file a demurrer, um, uh, in the event that the jury were to find [defendant] guilty on Count II.

"[W]hat I would intend to do is then to move an Arrest of Judgment, uh, on the ground that the, uh, facts, uh, stated do not constitute an offense.

"* * * * *

"[T]he defense was prepared to come in and defend against the allegation as alleged in Count II, and that is the value exceeding $100.00.

"* * * * *

"[U]ntil this morning, I had no notice or hint or contemplation or a suggestion that the State was proposing this course of action to file an Information and have * * * Defendant arraigned on the Information and then consolidate it.

"[T]he Pleadings put the defense on notice as to what is alleged.

"* * * * *

"Nothing, until two minutes ago, put the defense on notice that the State intended to proceed, uh, on the theory that [defendant] recklessly damaged property in an amount exceeding $500.00, as distinguished from $100.00."

[5] The Court of Appeals majority held that a motion to consolidate is timely if filed at any time prior to trial. *Shields*, 28 Or App at 723. Both Chief Judge Schwab and the Oregon Supreme Court rejected that rule. *Shields*, 28 Or App at 724 (Schwab, C. J., dissenting); *Shields*, 280 Or at 478.

that the particular error affected the verdict[.]" *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). In this case, the trial court's error in granting the state's motion to consolidate affected the verdict. Had the trial court denied the state's motion to consolidate, defendant would not have been tried for criminal mischief on that date, and therefore, the jury could not have rendered a verdict on that charge. *See State v. Link*, 346 Or 187, 203, 208 P3d 936 (2009) (in discussing the defendant's appeal of the trial court's denial of his motion for judgment of acquittal, the Supreme Court explained that "[i]f defendant is correct, then the trial court should not have entered a verdict of guilty" and "[b]y definition, the court's error affected the verdict").

Furthermore, as explained above, the trial court's error affected defendant's substantial right to defend against the new charge. Until the morning of trial, defendant expected the resolution of the criminal mischief charge to hinge on a legal argument—namely, that the charge as pleaded failed to state a crime. In allowing the state to effectively amend its pleading on the day set for trial, the trial court's error affected defendant's right to defend against the correctly pleaded criminal mischief charge.

For the reasons stated above, we reverse and remand the judgment of conviction for criminal mischief in the second degree.

In Case Number 102785, judgment of conviction for criminal mischief in the second degree reversed and remanded. In Case Number 102095, judgment affirmed.