**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45081**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 3, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DALE FRANCIS CALDRER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Judgment of conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Dale Francis Caldrer appeals from his judgment of conviction, challenging the district court's failure to make a ruling on whether he provided good cause or excusable neglect for his late-filed motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Caldrer was indicted by a grand jury for enticement of a child through the use of the Internet or other communication device, Idaho Code § 18-1509A; sexual abuse of a child under the age of sixteen years, I.C. § 18-1506(1)(d); and disseminating material harmful to minors, I.C. § 18-1515. The State filed an information part II alleging Caldrer was a persistent violator of the law, I.C. § 19-2514. Caldrer pled not guilty and was appointed a public defender. The court set a jury trial for August 29, 2016. Approximately three weeks before trial, however,

1

Caldrer retained a private attorney who requested a continuance of the trial date. The district court granted the motion and reset the trial for January 30, 2017.

On December 27, 2016, Caldrer filed a motion to suppress statements he had made while in police custody. The State filed an objection to the suppression motion, arguing the motion was untimely and should be denied on the merits. At the pretrial conference, Caldrer's counsel explained to the court that he had inadvertently put the wrong case number on the motion for hearing and thus a hearing on the motion to suppress had not been scheduled. Caldrer's counsel then asked the court to calendar a hearing on the motion to suppress. The court asked why the motion to suppress had been filed late. Caldrer's attorney replied:

> It's my fault, Your Honor. And I had done--I had done some legal research, and I'd gone over it with my client. And we came to the conclusion, after we discussed everything, that we need to go forward with that. The issue with it is--rather, is whether my client invoked his right to an attorney because he said ["I got to like get an attorney or something if things go that far" and "I will get an attorney and whatever I got to do"], within about a minute-and-a-half span, in the interview.

The court stated that it had no time on its calendar to hear the motion before trial. The prosecutor then added, "Your Honor, I would note that his explanation, I don't think, rises to good cause under the law, so I assume you just would not hear it." The court replied that it would have to make a ruling on that at some point and thereafter ended the pretrial conference by stating, "[Y]our motion is untimely and I am not going to be able to hear it. It's that simple."

On the first day of trial, Caldrer's attorney asked the court to "give a ruling as to why this suppression motion was not heard." The court replied that it had declined to hear the suppression motion for two reasons: (1) the motion was untimely, and (2) the court did not have time on its calendar to hear the motion. The prosecutor then added, "[The] motion to suppress was not ever noticed up, it wasn't timely, and then it was his job to show good cause. And he, at the last hearing, simply said he just didn't get around to it and it was late. He didn't give any good cause." The court concluded, "I'll let the record stand on that," and the trial proceeded.

Ultimately, the jury found Caldrer guilty on all three counts of the indictment, and Caldrer admitted to being a persistent violator. The court imposed concurrent twenty-five-year sentences with ten years determinate for enticement of a child and sexual abuse of a child, and a concurrent sentence of one year for disseminating material harmful to minors. Caldrer timely appeals.

## II.

## ANALYSIS

Caldrer asserts the district court abused its discretion by failing to consider his late-filed motion to suppress without ruling on whether he presented good cause or excusable neglect for the late filing. Motions to suppress evidence filed under Idaho Criminal Rule 12(b) "must be filed within 28 days after the entry of a plea of not guilty or seven days before trial whichever is earlier." I.C.R. 12(d). However, the trial court has discretion to "shorten or enlarge the time and, for good cause shown or for excusable neglect, may relieve a party of failure to comply with this rule." *Id.*; *State v. Glenn*, 156 Idaho 22, 23, 319 P.3d 1191, 1192 (2014). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

It is undisputed that Caldrer did not timely file his motion to suppress pursuant to Rule 12(d) as he filed it more than twenty-eight days after he pled not guilty.[1] Nevertheless, Caldrer argues that the district court abused its discretion by failing to rule on whether he presented good cause or excusable neglect for the late filing. According to Caldrer, the record shows that the district court never ruled on whether he presented good cause or excusable neglect and thus, the court simply refused to hear his motion to suppress due to its busy calendar. We disagree.

Caldrer relies, in part, on the following passage from *State v. Dice* to argue the district court acted outside the boundaries of its discretion by not hearing the motion:

> The district court should have entertained an explanation by [defense] counsel for the delay [in filing a motion to suppress] and then should have determined whether good cause or excusable neglect was shown based on the reasons given. If no good cause or excusable neglect was established to the satisfaction of the district court, the motion should not have been heard.

*State v. Dice*, 126 Idaho 595, 597, 887 P.2d 1102, 1104 (Ct. App. 1994). However, this Court stated in that same paragraph: "Idaho Criminal Rule 12(d) clearly requires either good cause or

---

[1] Caldrer pled not guilty on April 5, 2016. He filed the motion to suppress on December 27, 2016. Thus, his motion to suppress was filed more than eight months after he pled guilty and more than seven months after the filing deadline imposed by Rule 12(d) had passed.

excusable neglect to be shown by the party who has missed the prescribed deadlines." *Id.* Because he missed the prescribed deadline, Caldrer was necessarily required to make a showing of good cause or excusable neglect before he would be entitled to a ruling on the issue and before the court could relieve him of his failure to comply with the rule.

The record in this case is devoid of any indication that Caldrer provided the district court with a basis for making a ruling on the issue of good cause or excusable neglect. Caldrer did not file a motion to enlarge the time to file the suppression motion, nor did he address good cause or excusable neglect for the late filing in his motion to suppress. At the pretrial conference the court inquired as to why the motion was filed late, thus providing an opportunity for Caldrer to orally show good cause or excusable neglect for the late filing. Caldrer's attorney responded:

> It's my fault, Your Honor. And I had done--I had done some legal research, and I'd gone over it with my client. And we came to the conclusion, after we discussed everything, that we need to go forward with that. The issue with it is--rather, is whether my client invoked his right to an attorney because he said ["I got to like get an attorney or something if things go that far" and "I will get an attorney and whatever I got to do"][2], within about a minute-and-a-half span, in the interview.

This statement merely expresses an acceptance of fault for the late filing and contains a brief summary of the arguments made in the motion to suppress, but it does not address the issues of

---

[2] We note that the district court likely would have denied the motion to suppress even if it had determined Caldrer had shown good cause or excusable neglect for the late filing. Caldrer was taken into custody, read his *Miranda* rights, signed a waiver form, and participated in an interview with two detectives before stating, "I got to like get an attorney or something if things go that far" and "I will get an attorney and whatever I got to do."

Although an individual's right to cut off questioning must be "scrupulously honored," police officers are only required to cease questioning if the invocation of *Miranda* rights is clear and unequivocal. *State v. Payne*, 146 Idaho 548, 558-59, 199 P.3d 123, 133-34 (2008). In order to effectively invoke the right to counsel, the suspect must articulate "his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney. . . . If the suspect's statement is not an unambiguous or unequivocal request for counsel, the officers have no obligation to stop questioning him." *Davis v. United States*, 512 U.S. 452, 459-62 (1994). In *State v. Eby*, this Court held that the statement "I've got an attorney," was not an unambiguous invocation of the right to counsel. *State v. Eby*, 136 Idaho 534, 537, 37 P.3d 635, 628 (Ct. App. 2001).

Like Eby's statement, both of Caldrer's statements are equivocal. In his first statement, Caldrer equivocated by conditioning his intent to get an attorney on how far "things go." Thus, his present intent for counsel was rendered ambiguous. Likewise, the second statement is equivocal. Caldrer spoke in future tense suggesting that he would seek out an attorney in the future, but leaving his present intentions ambiguous.

good cause or excusable neglect. Thus, the statement does not provide a basis for a ruling from the district court on that issue.

Furthermore, Caldrer did not alert the district court to the good cause or excusable neglect exception, rebut the prosecutor's argument that he had failed to make the requisite showing, or request a ruling on the issue. As Caldrer concedes in his brief, it was the prosecutor--not Caldrer--who ultimately alerted the district court to the good cause or excusable neglect exception contained in Rule 12(d). Caldrer did not rebut or address the prosecutor's arguments made at the pretrial conference and on the morning of trial that Caldrer had failed to provide "any good cause" for the late filing. Moreover, on the morning of trial, Caldrer's attorney asked for clarification and a ruling as to why the suppression motion had not been heard, but he did not request a ruling on the issue of good cause or excusable neglect. Indeed, he never requested such a ruling below.

Notably, Caldrer also failed to properly notice the suppression motion for hearing by putting the incorrect case number on the motion for hearing. Because Caldrer's attorney failed to properly notice the suppression motion for hearing, no hearing on the motion was calendared. This error affected the efficient and proper operation of the court system[3] and compounded the error of the untimely filing.

Finally, even on appeal, Caldrer does not argue that he demonstrated good cause or excusable neglect for the untimely filing of his suppression motion below, he only challenges whether the district court made such a ruling. Although Caldrer had ample opportunity to make the requisite showing below, he failed to do so. For these reasons, the district court did not abuse its discretion by refusing to hear the untimely motion without first ruling on whether Caldrer had shown good cause or excusable neglect.

### III.

### CONCLUSION

Caldrer did not provide the district court with a basis for making a ruling on the issue of good cause or excusable neglect. Accordingly, we affirm Caldrer's judgment of conviction.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

---

[3]    A court considering a motion to extend a filing deadline may consider the effect that its decision would have on the efficient operation of the court system. *State v. Irving*, 118 Idaho 673, 675, 799 P.2d 471, 473 (Ct. App. 1990).